THE six following cases were decided at the December term, 1855, but were not received by the Reporter in time for their places among the reports of that term:

MARY ANN WAGG'S EXECUTOR v. LYDIA GIBBONS.

A married woman, abandoned by her husband in a foreign country, coming to this State to reside, is competent to contract in respect to necessaries for her support and maintenance, and to sue and be sued in the same manner as a *femme sole*.

IN error to the District Court of Washington county.

The material facts in this case are stated in the opinion of the court. The answer therein mentioned was, on demurrer in the court of common pleas, held to be a sufficient defense, and judgment was entered accordingly.

The district court, on error, reversed this judgment of the common pleas; and the present petition in error seeks to reverse the judgment of reversal.

*Charles R. Rhodes*, for plaintiff in error.

*Clark & Ewart, J. W. Andrews*, and *Buell*, for defendant in error.

RANNEY, C. J.

The petition alleges that the plaintiff's testator was married to Edwin Wagg sometime prior to the year 1849, in the kingdom of Great Britain, of which both parties were then citizens. That in May of that year she was abandoned by her husband, who left Great Britain and went to Asia, and has never returned; and that he left her wholly without any means of support, and has

ever since refused to make any provision therefor. In 1850 she came to this State, and has supported and maintained herself, and dealt as a single woman ; and that in 1854 it came to her knowledge that her husband was in California. An answer insisting upon her coverture as a bar to an action brought for necessaries furnished her during this period, raises the only legal question in the case. If under these circumstances she may contract, and sue and be sued as a single woman, in respect to such necessaries, the answer is no defense to the action. In view of the case of *Benadum* v. *Pratt,* 1 Ohio St. Rep. 403, decided by this court in 1853, there would seem to be very little doubt upon the question. It was there held that a woman who had separated from her husband on account of his abuse of her, and to whom a tract of land had been assigned on a petition for alimony, might sue, in her own name without joining her husband, a third person who had taken a crop of wheat from the land ; although her husband still continued to reside in this State, and only a separation *de facto* existed. That case, it is true, is not in all respects like the one now before us. But the points of difference are rather in favor than against the present case ; and it is most apparent, that a greater restriction of the strict principles of the common law, was required to sustain that case, than is needed in this. At the time that case was decided, the law and chancery jurisdiction of our courts, were distinct and separate. Whatever difference of opinion might then have existed as to the proper form of the remedy, no doubts were, or could have been, entertained as to the propriety of affording the wife a remedy beyond the reach of the husband ; and the whole matter has now become entirely immaterial by the adoption of a uniform and single mode of procedure.

The real question here is, when and under what circumstances may a married woman contract as femme sole ? The common law disabled her to do so, not from any supposed want of capacity on her part, but because the enforcement of her contracts might interfere with the marital rights of the husband. If she could contract, she could be sued ; and if sued, might be arrested and imprisoned ; and the husband thus be deprived of his

right to her aid and society. But where the husband himself had voluntarily renounced these rights, and abjured the realm without making suitable provision for her support and maintenance, it has always been held in England, that she might provide for her own support by dealing for herself, and might sue and be sued as a *femme sole*. In analogy to this doctrine, several cases have been decided by the supreme court of Massachusetts, which cannot fail to receive universal approval for their logical reasoning and good sense. In the case of *Gregory* v. *Paul*, 15 Mass. Rep. 31, the husband and wife were British subjects, living in England, until by his neglect and ill treatment she was induced to leave him and come to this country. Coverture being pleaded to an action brought by her, notwithstanding the husband remained in England, and the wife had left her home and come here, the court sustained the action; and upon the ground that her abandonment was compulsory, in order to obtain a living by her industry, which, in their opinion, brought the case within the spirit of the rule above referred to. In the case of *Abbot* v. *Bayley*, 6 Pick. Rep. 90, the husband and wife were citizens of New Hampshire until the wife, by the husband's cruelty, was obliged to separate from him, and afterwards came to Massachusetts. The court, affirming the doctrine in *Gregory* v. *Paul*, and applying it as between the several States of the union, held her competent to act as a single woman in that State; and, therefore, overruled a plea of coverture interposed in an action brought by her.

Of the soundness, good policy, and intrinsic justice of these decisions, we entertain no doubt. When applied to the present case, they fully sustain the judgment of the court below, and it must, therefore, be affirmed.