MARY JUDGE, APPELLANT, *v.* JOHN D. SPENCER, RESPONDENT.

STATUTES—REPEAL—TAXATION—EXEMPTIONS—MORTGAGES.

1. The laws of 1892 (chapter 48), exempting mortgages from taxation is in conflict, not only with the constitution (section 2, art. 13), but also with the act of 1896 (chapter 129), and its provisions respecting such exemptions are therefore repealed by implication.

2. While repeals by implication are not favored, still the intention of the lawmaker must prevail; and where, as here, the former law is repugnant to the spirit and intention apparent from the later law, the former is repealed to the extent of such repugnancy.

3. The fact that real estate on which mortgages rest is owned by private citizens, and has been assessed and taxed for its full value, does not render the assessing and taxing of the mortgages liable to the charge of double taxation, or violate the principles of equality and uniformity in taxation.

4. A mortgage being a species of property distinct from other property, the holder or owner of it, when residing within the state, is assessed and taxed as the owner of money in use, and not upon an interest in the land.

5. Respecting exemptions of property from taxation under the constitution, the presumption is that all exceptions intended to be

granted were granted in express terms. In such cases the rule of strict construction applies, and, in order to relieve any species of property from its due and just proportion of the burdens of the government, the language relied on as creating the exemption should be so clear as not to admit of reasonable controversy about its meaning, for all doubts must be resolved against the exemption.

(No. 782. Decided May 25, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. A. N. Cherry, *Judge.*

Action by Mary Judge against John D. Spencer, collector of Salt Lake county, to recover the amount paid, under protest, to the collector on mortgages held by plaintiff, on the ground that the constitution and laws of the state do not authorize the taxing of mortgages. To the complaint a demurrer was interposed on the ground that the complaint did not state a cause of action. The plaintiff elected to stand on her complaint, upon the court sustaining the demurrer, and from a judgment dismissing the cause of action, appeals. *Affirmed.*

*Frank Pierce,* for appellant.

That section 2 and section 12 of Art. XIII of the constitution should be so construed as to leave the legislature the question of the taxation of mortgages, see: *Attorney General* v. *Detroit Co.,* 2 Mich. 138; *People* v. *Burns,* 5 Mich. 114; *District Township* v. *Dubuque,* 7 Iowa 262; *Manly* v. *State,* 7 Md. 135; *Parkinson* v. *State,* 14 Md. 184; *Belleville Ry.* v. *Gregory,* 15 Ill. 20; *Ogden* v. *Strong,* 2 Paine C. C. 584; *Reygate* v. *Wardsboro,* 30 Vt. 746; *Brooks* v. *Commissioners,* 31 Ala. 227; *Derr* v. *Dubois,* 16 N. J. 285; *Derr* v. *Schenk,* 8 N. J. 29; *Bigelow* v. *Ry.,* 27 Wis. 478; *Gas Co.* v. *Wheeling,* 8 W. Va. 320.

*Waldemar Van Cott, Co. Att'y,* for respondent.

BARTCH, J.:

This action was brought to recover a sum of money paid the defendant, who was tax collector, under protest, for taxes on certain mortgages, the plaintiff claiming that such taxes were unauthorized. It is alleged in the complaint, substantially, that in 1896 the defendant was the collector of taxes for Salt Lake county, Utah; that plaintiff was and is the owner of promissory notes aggregating $37,675, secured by mortgages on real estate situated in said county; that the mortgaged real estate is owned by private citizens, and was taxed for its full value to the respective owners for the year 1896, without any deduction being made because of the mortgages resting thereon; that before the first Monday in June, 1896, the assessor wrongfully and unlawfully assessed the mortgages; that although the tax was unauthorized by law and void, yet the defendant threatened to collect the same, and to sell sufficient of the plaintiff's property to make the taxes, and thereupon, to prevent such sale, the plaintiff paid said taxes, amounting to the sum of $889.14, under protest. The prayer is that the tax be declared illegal and void, and that the plaintiff have judgment against the defendant collector, for the sum so paid. The defendant demurred to the complaint, on the ground that it did not state a cause of action. The demurrer was sustained, and, the plaintiff electing to stand on her complaint, judgment of dismissal was entered, and from that judgment this appeal has been prosecuted.

The only question presented is whether, under the constitution and statutes of this state, mortgages are taxable. The appellant insists that chapter 48, Sess. Laws 1892, under which mortgages were exempt from taxation, has not been repealed, and that, therefore the tax in question is invalid; while the respondent contends that,

as regards exemptions from taxation, the law of 1892 was superseded and annulled by the constitution and the statutes of 1896, and that mortgages are now taxable. The constitution, in section 2, art. 13, provides: "All property in this state, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law. The word 'property,' as used in this article, is hereby declared to include moneys, credits, bonds, stocks, franchises, and all matters and things (real, personal, and mixed) capable of private ownership; but this shall not be so construed as to authorize the taxation of the stocks of any company or corporation, when the property of such company or corporation represented by such stocks has been taxed." This is an express constitutional provision for the taxation of all property within this state, not exempt under the laws of the United States or this constitution. Excepting such exemptions, there is no limitation as to the subjects of taxation, or the quality or character of matters and things which are to share the burden of government. That mortgages constitute a species of property does not admit of serious controversy, and the appellant does not seem to contend that they are not embraced in the term "property," as used in the constitution, but insists that the law of 1892, by which they are exempt, remains in force. The framers of the constitution, however, evidently intended that no property should be relieved from the burden of taxation, except such as was defined and specified for exemption by that instrument. Such intent appears to be emphasized in section 3 of the same article, which directs that "the legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe by

general law such regulations as shall secure a just valuation for taxation of all property; so that every person and corporation shall pay a tax in proportion to the value of his, her or its property,"—and then provides for a deduction of debts from credits, and specifies certain classes of property which shall be exempt from taxation, but no reference is made to mortgages. This provision made it incumbent upon the legislature to provide a uniform system by which every species of property within the state, not exempt by the organic law, should equally and ratably bear its due proportion of the public burden, and the legislature had no power to exempt property not exempt under the constitution. The intention manifest from the several provisions of that instrument, respecting revenue and taxation, is not only that previous territorial legislation, as to such exemptions, should be repealed, but also that no power should exist in the state government to grant exemptions other than those mentioned in the constitution.

Whether or not the law of 1892 remained in force, under section 2, art. 24, Const., until repealed by the state legislature, is immaterial, because the legislature, in the language of the constitution, before this action was brought, provided: "All property in this state, not exempt under the laws of the United States, or under the constitution of this state, shall be taxed in proportion to its value." Laws 1896, c. 129, § 1. This provision forms a part of the revenue act of 1896, and, in section 2 thereof, certain classes of property, other than notes and mortgages, are exempt, in accordance with the provisions of the constitution. In subdivision 1 of section 4 of that act the term "property" is defined, same as in the constitution; and in subdivision 4, the term "personal property," as including everything which is the subject of owner-

ship not included within the meaning of the term "real estate" and "improvements." It is clear that notes and mortgages constitute property within the meaning of the revenue act, and, not being included with the property exempt, the manifest intention of the legislature, as may be gleaned from the context of the act, was to subject them to the burdens of taxation; and this accords with the intention of the framers of the constitution, as is apparent from the several provisions of that instrument. It follows that the law of 1892, exempting mortgages from taxation, is in conflict, not only with the constitution, but also with the act of 1896, and that, therefore, its provisions respecting such exemptions are repealed by implication, there being no express words of repeal. While it is true, as is insisted by counsel for the appellant, that repeals by implication are not favored, still the intention of the lawmaker must prevail; and where, as in this case. the former law is repugnant to the spirit and intention apparent from the later law, the former is repealed to the extent of such repugnancy, even though there are no express words of repeal in the later law.

Nor does the fact that the real estate on which the mortgages rest is owned by private citizens, and has been assessed and taxed for its full value, render the assessing and taxing of the mortgages liable to the charge of double taxation, or violate the principal of equality and uniformity of taxation. A mortgage is a security for a debt, which debt is a species of property, intangible, it is true, but nevertheless distinct property, capable of ownership; and, if not for all purposes, it may for that of taxation be regarded as situated at the domicile of the creditor or owner, and, if his residence is within the jurisdiction of the state, the situs of the debt is also within such jurisdiction. The mortgage is the evidence of the debt,

representing the amount of money loaned; and, if destroyed, the debt, with the stipulated interest, remains, and payment thereof may be enforced. Being thus a species of property distinct from other property, its owner or holder, when residing within the state, is assessed and taxed as the owner of money in use, and not upon an interest in the land, which is merely pledged as security for the return of the money loaned. Land is useful and productive, and its value is estimated, for the purposes of taxation, in accordance with its income and usefulness. So, a mortgage represents a debt which has value and produces an income, and its value should be estimated accordingly, for like purpose. The products of the soil constitute the income of the owner. The interest on the money loaned constitutes the income of the holder of the mortgages. The two species of property are entirely separate, represent different values; and, on principle, it would seem, each should contribute a just share of the burdens of government, however difficult it may be in practice to have each owner do so, in a state where the rate of interest by contract is not limited. It undoubtedly frequently happens that the owner of the land mortgaged is not only compelled to pay the assessment on the land, but also, indirectly at least, by increased rate of interest on the money borrowed, to pay the tax on the mortgage; and in this way the burden which ought to be borne by the creditor may be shifted to the debtor. Nevertheless, this does not render the taxing of the mortgage objectionable, as double taxation, nor yet militate against the justness and legality of the tax, although it may render questionable the policy of the law. Its policy, however, does not concern us. Whether such a law promotes the best welfare of the state, or whether, as is insisted by counsel for the appel-

lant, it is disastrous to business interests, is not our province to decide. We are bound by the fundamental law, as enacted by the representatives of the people in the constitutional convention; and it must be remembered that taxes, which are assessed and collected for the support of the government, must be levied on such property as the people, through their representatives, may designate. They having chosen to designate money as one of the subjects of taxation, it cannot successfully be contended that, when it is in the actual possession of the owner, it may be taxed; but when it is loaned, and the debt evidenced by a mortgage from which the owner derives his income, it ceases to be a subject of taxation, although mortgages are not found among the exemptions in the organic law. Doubtless, the language of the constitution respecting the subject of taxation, and which is also incorporated into the revenue act, is broad enough to include mortgages, and the court will not aid or enlarge exemptions by interpretation. The presumption is that all exemptions intended to be granted were granted in express terms. In such cases the rule of strict construction applies, and, in order to relieve any species of property from its due and just proportion of the burdens of the government, the language relied on, as creating the exemption, should be so clear as not to admit of reasonable controversy about its meaning, for all doubts must be resolved against the exemption. The power to tax rests upon necessity, and is essential to the existence of the state. Suth. St. Const. § 364; Cooley, Tax'n, pp. 69, 70, 205; *Bailey* v. *Magwire,* 22 Wall. 215; *Lamar* v. *Palmer,* 18 Fla. 147; *Kirtland* v. *Hotchkiss,* 100 U. S. 491; *State* v. *Carson City Sav. Bank,* 17 Nev. 146; *People* v. *Eddy,* 43 Cal. 331; *People* v. *Board of Sup'rs,* 71 Mich. 16.

There is no complaint that the mortgages in this case were valued too high, and, being of the opinion that they are proper subjects of taxation, the judgment must be affirmed. It is so ordered.

Zane, C. J., and Miner, J., concur.