## THE STATE EX. REL. RICHARDS *v.* FRANCIS ARMSTRONG ET AL., COUNTY BOARD OF EQUALIZATION.

1. *Constitutional Law—Abatement of Taxes.*

Section 2579, Rev. St., in so far as it provides that a county board of commissioners "may remit or abate the taxes of any insane, idiotic, infirm, or indigent person to an amount not exceeding ten dollars for the current year," is in conflict with sections 2 and 3 of article 13 of the constitution of Utah, and is therefore void.

2. *Same—Abatement Defined.*

The word "abatement" comes as well within the prohibition of the constitution as the word "exemption."

3. *Same—Legislature—Indirect Action of.*

Where the legislature attempts to do indirectly, by enactment, that which it cannot do directly, under the constitution, its enactment is void.

4. *Same—Implied Prohibitions.*

    To prevent the legislature from exempting property not in cluded within the exceptions of the constitution, express words of inhibition are not necessary. A positive direction in the constitution as to what property shall be exempt contains an implication against an exemption of any other property by the legislature.

5. *Constitutional Interpretation.*

    Whether an enactment of the legislature is void because of repugnancy to the constitution is always a question of much delicacy and in a doubtful case should seldom, if ever, be decided in the affirmative. Where, however, the mind is convinced of the unconstitutionality of the law, the duty which devolves upon the court to declare it so is imperative, even where the statute appears to be in consonance with justice and humanity.

(No. 952,   Decided June 1, 1898.)

Proceedings by the state, on the relation of Morgan Richards, Jr., state auditor, against Francis Armstrong and others, county board of equalization of Salt Lake county, for a writ of prohibition.   *Writ allowed.*

*A. C. Bishop, Attorney General,* for plaintiff:

Where a state constitution provides a general class of property which may be exempted such as charities, property devoted to educational and ele-emosynary purposes, etc., the legislature can make no exemptions outside of such specified classes.   *Chespeake, etc., R. Co.* v. *Miller,* 19 W. Va. 408; *Hogg* v. *Mackey* (Ore. 1893), 31 Pac. 779; *Croisan* v. *Hogg* (Ore. 1893), 31 Pac. 782.

And a provision that all property shall be taxed precludes exemptions by the Legislature.   *Memphis, etc., R. Co.* v. *Gaines,* 3 Lea Ch. 604; *Ellis* v. *Louisville R. Co.,* 8 Baxt. (Tenn.) 530; *Memphis, etc., R. Co.* v. *Gaines,* 97 U. S. 697; *State* v. *Hannibal, etc., R. Co.,* 75 Mo. 208; *New*

*Orleans* v. *Lafayette Ins. Co.*, 28 La. An. 756: *Chattanooga* v. *Nash, etc., R. Co.*, 7 Lea (Tenn.), 561.

Taxes are charges imposed by the authority of the legislature upon property subject to its jurisdiction, but such authority must always be exercised with due regard to any limitation imposed by the Constitution. *People* v. *McCreary*, 34 Cal. 432; *People* v. *Eddy*, 43 Cal. 331; *Wilson* v. *Supervisors of Sutter Co.*, 47 Cal. 91.

The legislature has no power to exempt or release a person or community of persons from their proportionate share of these burthens." *Hunsaker* v. *Wright*, 30 Ill. 146-148. See also *Trustees* v. *McConnell*, 12 Ill. 138; *O'Kane* v. *Street*, 25 Ill. 458; *Madison County* v. *People*, 58 Ill. 456; *Dunham* v. *Chicago*, 55 Ill. 357; *People* v. *Soldiers' Home*, 95 Ill. 561.

Under the constitutional provision of Iowa, which provides that "the property of all corporations for pecuniary profit now existing or hereafter created shall be subject to taxes the same as that of individuals" it was held to preclude exemptions of corporate property from taxation and consequently would require the court in any doubtful case to construe the revenue law as not intending such exemption. *Iowa Homestead Co.* v. *Webster Co.*, 21 Iowa 221; *Dubuque, etc., R. Co.* v. *Webster Co.*, 21 Iowa 235. See, also, *New Orleans* v. *Insurance Co.*, 28 La. An. 756; *New Orleans* v. *St. Charles, etc.*, 28 La. An. 498; *New Orleans* v. *Sugar Shed*, 35 La. An. 548.

To the same effect and sustaining the same principle, see, *Brewer Brick Co*, v. *Brewer*, 62 Me. 62; *Farnsworth* v. *Lisbon*, 62 Me. 451; *Dyer* v. *Farmington*, 70 Me. 515; *State* v. *U. S. and Canada Express Co.*, 60 N. H. 219.

The Constitution of Wisconsin provides that "the rule of taxation shall be uniform." Under this provision the supreme court of that state has said that it is necessary

that all kinds of property not absolutely exempt shall be taxed alike by the same standard of valuation equally with other taxable property. *Gillman* v. *Sheboygan,* 2 Black 610.    See also *Kittle* v. *Shervin,* 11 Neb. 65; *Warren* v. *Havana,* 60 Georgia, **93**.

*Waldemar Van Cott, Ray Van Cott* and *Graham F. Put-nam,* for defendants.

BARTCH. J.:

This is an original proceeding in this court for a writ of prohibition to prohibit the defendants, who constitute the board of equalization of Salt Lake county, from remitting or abating the taxes of insane, idiotic, infirm, or indigent persons, under section 2579, Rev. St. Utah, in which it is provided, "The board may remit or abate the taxes of any insane, idiotic, infirm, or indigent person to an amount not exceeding ten dollars for the current year." The petitioner insists that the statute is unconstitutional and void, and that the legislature had no power, under the constitution, to exempt any property from the burdens of taxation, except such as is expressly exempted by virtue of that instrument, and maintains that the remitting or abating of a tax is virtually an exemption. Counsel for the defendants concede that, if an abatement of the taxes is in effect the same as an exemption thereof, then the board of equalization has no authority to abate such taxes. The question, therefore, is whether an abatement of taxes on taxable property which is owned by an insane, idiotic, infirm, or indigent person is prohibited by the constitution, as being in effect an exemption of property from taxation which is not included within the list of exemptions contained in the fundamental law.

In Const. art. 13, § 2, it is provided, "All property in the

state not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law." This provision is clear and explicit, and, under its command, no property within this state, except such as is exempt by virtue of the laws of the United States, or of the constitution of this state, can escape the burden of taxation. Id. § 3, reads as follows: "The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state according to its value in money, and shall prescribe by general law such regulations as shall secure a just valuation for taxation of all property; so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property: Provided, that a deduction of debits from credits may be authorized: Provided, further, that the property of the United States, of the state, counties, cities, towns, school districts, municipal corporations, and public li braries, lots with the buildings thereon used exclusively for either religious worship or charitable purposes, and places of burial not held or used for private or corporate benefits shall be exempt from taxation. Ditches, canals, and flumes owned and used by individuals or corporations for irrigating lands owned by such individuals or corporations, or the individual members thereof, shall not be separately taxed so long as they shall be owned and used exclusively for such purpose." In construing this section, this court, in *Judge* v. *Spencer*, 15 Utah, 242, said: "This provision made it incumbent upon the legislature to provide a uniform system by which every species of property within the state, not exempt by the organic law, should equally and ratably bear its due proportion of the public burden, and the legislature had no power to exempt property not exempt under the constitution. The intention

manifest from the several provisions of that instrument respecting taxation and revenue is not only that previous territorial legislation, as to such exemptions, should be repealed, but also that no power should exist in the state government to grant exemptions other than those mentioned in the constitution." It will be observed that the classes of property which shall be exempt from taxation are specifically mentioned, but neither one of those classes, by any principle of interpretation, can be made to include the property of either an insane, idiotic, infirm, or indigent person. It is manifest, therefore, that the property of none of these classes of persons is exempt under the provisions of the constitution, and exemptions cannot be enlarged by interpretation. "The presumption is that all exemptions intended to be granted were granted in express terms. In such cases the rule of strict construction applies, and, in order to relieve any species of property from its due and just proportion of the budens of the government, the language relied on as creating the exemption should be so clear as not to admit of reasonable controversy about its meaning, for all doubts must be resolved against the exemption." *Judge* v. *Spencer, supra.*

But counsel for the defendants maintains that an abatement of taxes, as provided in the statute, is not an exemption, as provided in the constitution, that "abatement" does not mean the same thing as "exemption," and that, therefore, the statute is not in excess of legislative authority, and is valid. It is true that the terms "exemption" and "abatement," in their literal sense, have different shades of meaning. This is so, to a certain extent, of the meaning of these terms as employed in the constitution and statute; for an exemption prevents any assessment or levy of tax in the first instance, and in that way relieves the property from the burden of taxation, while in the

case of an abatement the property is relieved of its share of the burdens of taxation after the assessment has been made and the tax levied. The difference in the sense of these terms therefore relates to the method, rather than the effect; for the ultimate result, whether by exemption or abatement, is precisely the same. In either case the property is relieved from the burden of taxation. Now it is apprehended that the intention of the framers of the constitution, by exempting certain property, was not so much to prevent an assessment and levy of tax thereon as to free it from the burden of maintaining the government. When the tax is abated or remitted after it has been levied, the same object is accomplished; and therefore the mandates of the constitution, that such burdens "shall be equal and uniform" on all property within the state, except such as is exempt by the fundamental law, and that "every person and corporation shall pay a tax in proportion to the value of his, her, or its property," may be violated by either method. It is true that the statute does not permit the abatement of all the tax, as does an exemption under the constitution; but it is equally true that if the legislature has power to enact a statute releasing property, not exempt by the paramount law, from a portion of the tax, it has power to enact one abating all the tax on such property. The same legal principles apply in either case. The meaning and intent manifest from the constitution are that no property shall be relieved from the burden of maintaining the government, except such as was defined and specified for exemption by that instrument. No one would contend for a moment that the legislature of this state has power in express terms to exempt property from taxation, other than that enumerated for exemption in the constitution; and yet in the enactment of the statute in question the legislature

has undertaken to indirectly exempt property not so enumerated. This is an attempt to do indirectly that which could not be done directly, and the statute therefore is in violation of the constitution, and is void, as in excess of legislative authority. To prevent the legislature from exempting property not included within the exemptions of the constitution, express words of inhibition were not necessary. The positive direction that "all property not exempt under the laws of the United States or under this constitution shall be taxed," and that the rate of assess- ment and taxation shall be "uniform and equal," so that "every person and corporation shall pay a tax in propor tion to the value of his, her, or its property," with the enumeration of the property exempted, contains an implica- tion against an exemption of any other property by the legislature. That direction itself operates as a restraint upon the legislative power. Cooley, Const. Lim. 209; *Konold* v. *Railway Co.*, 16 Utah 151.

A similar question to the one herein considered was be- fore the supreme court of California in Wilson v. Super- visors, 47 Cal. 91. In that case the board of supervisors, under a provision of a statute requiring the board to remit certain taxes in certain taxing districts, made an order remitting taxes in accordance with that statute. The court held that the order, and the clause of the statute under which it was made, were in violation of the provi- sions of the constitution that "taxation shall be equal and uniform throughout the state," and that "all property in this state shall be taxed in proportion to its value, to be ascertained as directed by law." The court, in its opinion said: "An order which remits the taxes upon any prop- erty within the district causes the taxation within the district to be unequal, and is virtually an exemption of such property from taxation; and, if the order remits a

part of the tax on such property, the result is the same, it differing only in degree. The clause of the twentieth section of the act above mentioned, providing that said board, in their discretion, and for good cause shown, shall remit such other tax in said district as may to them seem just and proper, and the order of the board of supervisors purporting to remit such taxes, are, in our opinion, repugnant to the provisions of the constitution above cited, and must be held null and void." Cooley, Tax'n, 180, 204; *City of Zanesville* v. *Richards*, 5 Ohio St. 589; *Bank* v. *Hines*, 3 Ohio St. 1; *Hunsaker* v. *Wright*, 30 Ill. 146; *Board* v. *Owens*, 7 Colo. 467.

In arriving at the conclusion that the provision of the statute in controversy is null and void, we were not unmindful of the fact that the question whether an enactment of the legislature is void because of its repugnancy to the constitution is always one of much delicacy, and in a doubtful case should seldom, if ever, be decided in the affirmative. Where, however, the mind is convinced of the unconstitutionality of the law, the duty which devolves upon the court to declare it so is imperative, even where, as in this case, the statute appears to be in consonance with justice and humanity. That the law itself would be beneficent can be of no avail in this case, because its effect and operation would be to exempt property, against the mandate of the fundamental law. We are of the opinion that the demurrer to the petition must be overruled, and that a writ of prohibition must issue, restraining absolutely further proceeding under the clause of the statute herein declared void. It is so ordered.

ZANE, C. J., and MINER, J, concur.