STATE BOARD OF TAX APPEALS.

CITY OF EAST ORANGE, PETITIONER, v. CHURCH OF OUR LADY OF THE MOST BLESSED SACRAMENT, RESPONDENT.

Decided October 19, 1943.

For the petitioner, *Walter C. Ellis.*

For the respondent, *Elmer F. Holtz.*

KREAMER, M. B. This is an appeal by the City of East Orange from the judgment of the Essex County Board of Taxation cancelling the assessment on the building of the Church of Our Lady of the Most Blessed Sacrament, at 113 Elmwood Avenue, East Orange, New Jersey, for the year 1942. The city had originally assessed this building in the sum of $17,000 and had deducted therefrom the statutory exemption of $5,000 provided for by *R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6, respecting a building actually occupied as a parsonage by the officiating clergymen of any religious corporation of this state. This resulted in a net assessment of

$12,000. The Essex County Board of Taxation canceled the assessment *in toto.* The property consists of a three-story brick building adjoining the Church of Our Lady of the Most Blessed Sacrament, a church of the Roman Catholic faith. The building is connected with the church proper by means of a passageway.

There is no dispute as to the value of the improvements, so that if the city's contention is proper the assessment should be restored. If not, the judgment of the Essex County Board of Taxation should be affirmed.

It is unquestioned from the testimony that the present rector of the church has lived in the building since its construction, as have the assistants who are from time to time necessary for the conduct of the religious work of the parish. The building contains a kitchen, dining room, eight bed rooms, three studies, lavatory and several bathrooms. The testimony given in behalf of the respondent showed that the pastor of the church was also in charge of the parish school and that there was in the building an office where the business of the parish and of the parish school was conducted, that the marriage records of the church were kept in the building in question, that the pastor used the building to perform some marriage ceremonies, that some church meetings in the work of the parish were conducted in one of the rooms, that in the basement church supplies necessary for the operation of the church next door were stored, that vestments were stored in the building and that the building had various other uses connected with the church. It was also stated that a housekeeper and maid were employed in connection with the use of the building as living quarters and six of the bedrooms and four baths were actually in use.

One portion of *R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6, exempts "all buildings actually and exclusively used for * * * religious worship * * *," another portion of that section exempts "all buildings actually and exclusively used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children, or for religious, charitable or hospital purposes,

or for one or more of such purposes" and still another portion of that section exempts "the building actually occupied as a parsonage by the officiating clergymen of any religious corporation of this state, to an amount not exceeding $5,000." In each instance the land whereon such buildings are erected is also exempt from taxation.

The petitioner takes the position that the respondent is entitled to have the premises affected by this appeal exempted from taxation to the extent set forth in the third portion of *R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6, *supra,* maintaining that the proofs disclose occupancy of the building "as a parsonage." The respondent takes the position that it is entitled to have these premises exempted from taxation to the extent set forth in either the first or second portion of *R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6, *supra,* maintaining that the proofs disclose that the building is actually and exclusively used for "religious worship" or for "moral and mental improvement of men, women and children, or for religious, charitable or hospital purposes, or for one or more of such purposes."

The Board holds that the respondent is entitled to exemption to the extent granted by law by reason of the use of the building as a parsonage, it being the Board's interpretation of the testimony that exclusive user of the building for religious worship or for religious purposes has been disproved. It is difficult to disassociate a clergyman's home from his calling. Unquestionably in every parsonage there is a certain amount of church business conducted and this is especially true of the Roman Catholic faith. Parishioners and people having business with the church wishing to see the priest must go to his residence and by reason of the frequency of calls of this nature a portion of the premises must be devoted to their convenience as well as to his. Parish records often are kept there and materials necessary for religious worship are likewise placed there for the convenience of the clergyman. Undoubtedly in every rectory such as this a portion of the church business must necessarily be conducted.

The Board feels that this case is to be distinguished from

*Jersey City* v. *Bethel Baptist Church, N. J. Tax Reports,* 1940, *p.* 43; 18 *N. J. Mis. R.* 208; 12 *Atl. Rep.* (*2d*) 152, in that in the latter case the house of worship itself, as well as the parsonage, was in the one building, a fact which obviously does not exist here.

Accordingly, the judgment of the Essex County Board of Taxation is reversed, and the assessment as originally made by the city is restored.

Judgment accordingly.