## SOCIETY OF THE PRECIOUS BLOOD, In re application for Tax Exemption.

### Board of Tax Appeals.

No. 10696. Decided January 20, 1947.

## ENTRY

This cause and matter came on to be considered by the Board of Tax Appeals upon an application filed herein under date of October 6, 1945, by and on behalf of the Society of the Precious Blood, Cleveland, Ohio, for the exemption from taxation of a certain parcel of real property in the Cleveland City Taxing District, Cuyahoga County, Ohio, which parcel considered as a part of a larger parcel of land noted in the application, is therein described as follows:

| Twp. or Orig. Lot | Feet Front | Street | Duplicate Value | | |
|---|---|---|---|---|---|
| | | | Land | Bldg. | Total |
| 58 | 421.22 | Pearl Road | 3,980. | 10,900. | 14,970 |

N P 521.22' North of Leopold Subdivision Tax 100 x 90 & 2/3 Exempt Petition 36027

**Part asked to be exempted in the application is as follows:**

| | | | | | |
|---|---|---|---|---|---|
| 58 | 48.5' | Pearl Road | 1,830 | 10,420 | (12,250) |

This cause and matter was originally heard before an examiner of the Board on March 4, 1946, at Cleveland, Ohio, and thereafter on March 25, 1946, an order and entry was made by the Board of Tax Appeals denying the application for ex-

emption. Thereafter, an application for a rehearing having been granted, the order and entry dated March 25, 1946, was set aside and vacated and new and additional evidence was presented by applicant at a hearing held in Columbus, Ohio, on November 25, 1946.

This application is one for the exemption from taxation for the tax year 1945 of an irregularly shaped parcel of land having a frontage of 48.5 feet on the east side of Pearl Road in the City of Cleveland, Ohio, upon which there is a two story brick building. The application requests exemption on the stated grounds (1) that this property is "buildings and grounds attached for proper occupancy used exclusively for public worship" within the purview of §5349 GC, and (2) that this property is a "public college or academy or a public institution of learning not used with a view to profit", within the meaning of §5349 GC. Sec. 5349 GC, insofar as the same is pertient to any question here presented provides:

"Public schoolhouses or houses used exclusively for public worship, the books and furniture therein and the ground attached to such buildings necessary for the proper occupancy, use and enjoyment thereof and not leased or otherwise used with a view to profit, public colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit, shall be exempt from taxation."

The evidence discloses that adjacent to the parcel of ground here under consideration is located a plot of ground owned by the Catholic Bishop of Cleveland and that upon this adjacent plot is a church known as Our Lady of Good Counsel, which church is dedicated to public worship and serves about 2000 families of the Catholic faith in this locality. Upon this adjacent plot is also a Catholic parochial school with an enrollment of over 1000 children. The evidence further discloses that the Reverend S. J. Kramer, in addition to his duties as superior of the order of the Society of the Precious Blood, is the pastor of Our Lady of Good Counsel Church and that he, together with four assistant pastors, lives in the two story brick building which is located on the property here under consideration for which tax exemption is sought. It is also noted that there is in this building a chapel for the celebration of Mass and other religious functions, but there is nothing in the application or evidence to indicate that the building was or is being used **exclusively** for public worship. On the other hand, the evidence negates an **exclusive** use for this purpose for the

reason that a part of the building is, and has been, used as a place of residence for the pastor and four assistant pastors of Our Lady of Good Counsel Church which is located next door.

Under the decisions of the Supreme Court of Ohio a pastor's residence is not entitled to tax exemption and a house of public worship is entitled to tax exemption only if such house is being used exclusively for public worship and for no other purpose. Gerke, Treasurer v Purcell, 25 Oh St 229; Watterson v Halliday, 77 Oh St 150; Treasurer v Evatt, 140 Oh St 185, 189. And there is no authority for exempting a portion of a building used in part for public worship ad placing the remaining portion not used for public worship on the tax duplicate. Welfáre Federation of Cleveland v Glander, 146 Oh St 146.

It quite clearly appears from the application and the evidence in this case that the principal use of this property is as a school or institution of learning for the training of young priests for the missionary work of the Catholic church, and as a place of residence for such students while they are engaged in this training. And somewhat incidental to this principal use of the premises, the same is likewise used as a meeting place for a Catholic youth organization composed of young men of the Catholic faith who may in some cases be considered as prospective students in courses which will fit them for missionary work in the service of the Church.

With respect to the second stated ground upon which this application for tax exemption is based and on the facts above stated, it is quite clear, in our view, that the decision of the Board on this application is governed by the case of Bloch et al. v Board of Tax Appeals, 144 Oh St 414, where the Court held:

"A school organized and operated by a religious denomination for the sole purpose of training men to assume ministerial positions in such church, which provides no educational opportunities to the public generally, is essentially a private institution. A building housing such school is not exempt from taxation under the provisions of §5349 GC; and such property not being 'used exclusively for a charitable purpose,' is not exempt under §5353 GC."

In the case of Bloch v Board of Tax Appeals, just cited, it appeared that the premises there under consideration were used as a school or institution of learning, the primary purpose of which was the education and preparation of young men to

become rabbis of the orthodox Jewish faith. In this situation the Court held, as above indicated, that the use of such premises was private rather than public in character, and that such property could not be said to be that belonging to a public college or institution of learning within the provisions of §5349 GC, above quoted. In our opinion a like conclusion is required on the facts in the case now before this Board on the application for tax exemption above noted.

Moreover, if on any view the property here in question ■ were considered to be that of a public college or institution of learning, such property would not be entitled to exemption from taxation unless the educational and other activities for which this property is used were such that it could be said that this property is used exclusively for charitable purposes within the meaning of §5353 GC. On this point the Supreme Court of this State in the case of **The Ursuline Academy of Cleveland v Board of Tax Appeals, 141 Oh St 563**, held:

"Under §5349 or §5353 GC, property belonging to a public college, academy or institution of learning not publicly owned may be exempted from taxation only if used exclusively for a charitable purpose at the time the exemption is sought."

- Although, as to this, it appears that this property is used to some extent for the promotion of religious and missionary activities among the Negro people in the City of Cleveland, it is not contended that the property is used exclusively for charitable purposes; and no exemption of the property from taxation can be granted on this ground.

On the considerations above noted and discussed it is by the Board of Tax Appeals ordered and directed that this application for tax exemption be and hereby is, denied.