THE SISTERHOOD OF THE HOLY NATIVITY *vs.* THE TAX ASSESSORS OF THE CITY OF NEWPORT.

FEBRUARY 13, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition in accordance with general laws 1938, chapter 31, §14, for relief from assessment of a tax. The parties submitted the case to the superior court on an agreed statement of facts and thereupon it was

certified to this court for our determination as provided by G. L. 1938, chap. 545, §4.

The agreed statement of facts sets out that petitioner is a corporation incorporated by a special act of the general assembly at its January session 1890 for the purpose of "teaching, visiting and ministering to the poor and sick and doing general charitable and religious work"; that it is the owner of real estate, situated at 55 Washington street in the city of Newport, upon which the respondents assessed a tax on June 15, 1946; that it filed with respondents a sworn account of such property accompanied by a protest against such assessment on the ground that its property was used exclusively for religious purposes as a residence for the sisters, for retreats for women, for conferences of a religious nature, and for instruction of the children in the parish church of St. John the Evangelist, and was, therefore, exempt from taxation by virtue of the laws of the state of Rhode Island; and further that its property is not used as sleeping quarters except for the sisters and an occasional guest who comes for religious activity.

Petitioner relies for its claim of exemption on G. L. 1938, chap. 29, §2, which among other things provides: "The following property shall be exempt from taxation . . . buildings for free public schools, buildings for religious worship and the land upon which they stand and immediately surrounding the same, to an extent not exceeding 1 acre, so far as said buildings and land are occupied and used exclusively for religious or educational purposes . . . ." Petitioner contends that its building is used exclusively for religious purposes. It concedes that occasionally it is used for other purposes but that such use is merely incidental or secondary to the religious use which is primary. And it contends that in determining whether property is entitled to exemption from taxation its primary use will prevail over a mere secondary use. In support of such contention petitioner cites *St. Mary's Church* v. *Tripp,* 14 R. I. 307,

and other authorities outside this state.  It concedes that *St. Joseph's Church* v. *Assessors of Taxes,* 12 R. I. 19, and *City of Pawtucket, for Opinion,* 24 R. I. 86, do not support its contention, but it argues that those cases are distinguishable from the *St. Mary's Church* case.

While the *St. Mary's Church* case may be distinguishable from the other two cases, we do not find that the case at bar is distinguishable from them.  In the *St. Joseph's Church* case this court stressed the point that the statute provided for exemption only if the use of the property was exclusively for a religious purpose, and it further pointed out that a building which was used for religious worship but was also used as a dwelling for the clergyman could not be considered as used *exclusively* for religious purposes.  In the case of *City of Pawtucket, for Opinion, supra,* the building which it was claimed was exempt from taxation was used in part as a chapel for sisters who dwelt in the building and taught in a parochial school building which was also on the premises.  The court said that the building in question was in part a dwelling house for the teachers in the school, and that if only a part of the building is used for secular purposes the remainder is not necessarily excluded from exemption; but it also said that where the same part is devoted to both secular and exempted uses the building is not exempt under the statute and it held that the building in the case before it was in the latter class.

What the court there said may equally be said of the building in the case at bar.  It is a dwelling house for the sisters, and the religious uses to which they devote it are not separable from the secular uses to which it is also necessarily put.  This being so, we think that the instant case is ruled by *St. Joseph's Church* v. *Assessors of Taxes, supra,* and *City of Pawtucket, for Opinion, supra,* rather than by *St. Mary's Church* v. *Tripp, supra.*  In view of the established policy of this court to construe tax exemption statutes strictly in favor of the taxing authority, *Society*

*for Preservation of New England Antiquities* v. *Tax Assessors,* 62 R. I. 302, we do not feel at liberty to adopt a more liberal view in favor of the petitioner here merely because it may be said that the *primary* use of its building is religious. We adhere to the view that such use must be *exclusively* religious to entitle petitioner to the exemption which it claims.

We are of the opinion that the petitioner is not entitled to the relief which it seeks and its petition should be denied and dismissed.

The papers in the case, with our decision certified thereon, are ordered sent back to the superior court for the entry of final judgment on the decision.

*Sheffield & Harvey,* for petitioner.

*Alexander G. Teitz,* City Solicitor, for respondent.