345 P.2d 612

MOON LAKE ELECTRIC ASSOCIATION, INC., a corporation, and Uintah Basin Telephone Association, Inc., a corporation, Plaintiffs,

v.

UTAH STATE TAX COMMISSION, Defendant.

No. 9010.

Supreme Court of Utah.

Oct. 29, 1959.

George C. Stewart, Roosevelt, Ferdinand Erickson, Monroe, for appellants.

Walter L. Budge, Atty. Gen., Raymond W. Gee, John G. Marshall, Asst. Attys. Gen., for respondent.

WAHLQUIST, District Judge.

This is an original proceeding in this court. The petitioners ask that the Utah State Tax Commission be prohibited from ignoring Sections 16-6-16 and 17, Utah Code Annotated 1953. The State Tax Commission, acting on the advice of the Attorney General of Utah, contends that the sections in question are unconstitutional.

We are convinced the Attorney General is correct, insofar as the matter is discussed here. Accordingly the relief sought by the petitioners is denied.

The Sections of the Utah Code 1953 in question are:

Section 16-6-16, U.C.A.1953:

"Property of cooperative nonprofit electric corporations organized under this chapter and operating facilities financed pursuant to the Rural Electrification Act of 1936, shall not be valued for the purpose of ad valorem taxation in excess of $50 times the number of miles of primary distribution or transmission lines."

Section 16–6–17, U.C.A.1953, as amended:

"Property of cooperative nonprofit telephone corporations organized under this chapter and financed pursuant to the United States Rural Electrification Act of 1936, as amended, shall not be valued for the purpose of ad valorem taxation in excess of $10.00 times the number of circuit miles of line constituting the telephone system."

Section 2, Article XIII of the Constitution of the State of Utah provides in part:

"All tangible property in the state, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law. * * *"

Section 3, Article XIII of the Constitution of the State of Utah, provides in part:

"The Legislature shall provide by law a uniform and equal rate of assessment and taxation on all tangible property in the State, according to its value in money, and shall prescribe by law such regulations as shall secure a just valuation for taxation of such property, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its tangible property, * * *."

In State v. Thomas [1] this court gave meaning to these sections of the Constitution as follows:

"* * * The real intent, however, of the framers of the constitution, is made more manifest in section 3 of article 13, which contains this language: 'The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe by general law such regulations as shall secure a just valuation for taxation of all property; so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property.' This provision is closely related to the one in section 2, and directs the legislature not only to provide a uniform and equal rate of assessment and taxation, so that every subject owning property shall pay the same rate of tax as every other such subject, but also declares that all property shall be assessed at a basis which shall be 'according to its value in money.' *It is evident that the term 'according to its value in money' means that all property shall be valued, for the purposes of assessment, as near as is reasonably practicable, at its full cash value; in other words, that the valuation for assessment and taxation*

1. State v. Thomas, 16 Utah 86, 50 P. 615.

*shall be, as near as reasonably practicable, equal to the cash price for which the property valued would sell in open market, for this is doubtless the correct test of the value of property.* The manifest intention is that all taxable property shall bear its just proportion of the burdens of taxation. These two sections of the constitution harmonize with each other; and, by reading and considering them together, it becomes clear that all taxable property within this state must be assessed and taxed on a valuation fixed at its actual cash value, or as near such value as is reasonably practicable * *." (Italics added.)

These "Co-ops" share much in common but their differences are also obvious. Not all cooperatives that qualify under Sections 16–6–16 and 17 are in an identical position as to the value of their lines per mile. The number of customers per mile of line varies, both as to power lines and telephone lines, etc. Some such "Co-ops" own property in addition to "lines" while others have little else of value. In fact Sections 16–6–16 and 17 do not, by their terms, effect a limitation on assessment until after the "value" of the "Co-op's" properties have in fact been determined by the assessor to exceed the "ceiling" set by the section applicable. The effect of these sections is nothing, unless it prevents the accurate assessment of property in a given case to its full value. The conflict with the constitution is clear.

The petitioners assert that the Sections 16–6–16 and 17 are just and wise legislation. They feel that the public will benefit from the effect of such statutes. Undoubtedly the majority of legislators concurred in this view. As interesting as petitioners' views thereon are, this court cannot properly consider them here. The analogy to the situation presented in State v. Armstrong[2] is noted. There the section under consideration provided, so far as material, that a board of equalization "may remit or abate the taxes of any insane, idiotic, infirm, or indigent person to an amount not exceeding ten dollars for the current year."

The court there said:

"In arriving at the conclusions that the provision of the statute in controversy is null and void, we were not unmindful of the fact that the question whether an enactment of the legislature is void because of its repugnancy to the constitution is always one of much delicacy, and in a doubtful case should seldom, if ever, be decided in the affirmative. Where, however, the mind is convinced of the unconstitutionality of the law, the duty which devolves upon the court to declare it so is imperative, even where, as in this

2. State v. Armstrong, 17 Utah 166, 53 P. 981, 41 L.R.A. 407.

388

case, the statute appears to be in consonance with justice and humanity. That the law itself would be beneficent can be of no avail in this case, because its effect and operation would be to exempt property, against the mandate of the fundamental law."

It is not necessary to discuss the other points raised by the parties.

The writ is denied. No costs awarded.

CROCKETT, C. J., and WADE, HENRIOD, and McDONOUGH, JJ., concur.

CALLISTER, J., having disqualified himself, does not participate.