**SALT LAKE COUNTY, a Body Politic,
Plaintiff,**

**v.**

**TAX COMMISSION of the State of Utah ex
rel. GOOD SHEPHERD LUTHERAN
CHURCH, Defendants.**

**No. 14142.**

Supreme Court of Utah.

April 7, 1976.

R. Paul Van Dam, Salt Lake County
Atty., Bill Thomas Peters, Sp. Salt Lake
County Deputy Atty., Salt Lake City, for
plaintiff.

Vernon B. Romney, Atty. Gen., G.
Blaine Davis, Michael L. Deamer, Asst.
Attys. Gen., Salt Lake City, for defendants.

TUCKETT, Justice:

Certiorari to the State Tax Commission
to review a decision by the Commission
that a residence owned by the Good Shepherd Lutheran Church and used by its pastor is exempt from taxation.

The residence here in question consists
of a two-story home with attached garage
comprising 1750 square feet of space, a living room, kitchen-dining area, four bedrooms and one and one-half baths. The
parsonage is owned by the Church and is
occupied by its pastor, his wife and three
children. The parsonage is located one
and one-half miles from the Church, and
some Church activities are carried on by
the pastor in the residence, as well as those
carried on at the Church. The Board of
Equalization of Salt Lake County made
and entered a decision that the home was
not exempt from ad valorem taxes for the
year 1972. The decision of that Board
was appealed to the Utah State Tax Commission, which overruled the decision of
the County Board of Equalization and determined that the home in question was exempt from taxation.

Article XIII, Section 2 of the Utah
State Constitution contains the basic law
dealing with the problem here involved.
The pertinent part of that section is as follows:

> The property of the state, counties,
> towns, school districts, municipal corporations and public libraries, lots with the

buildings thereon used exclusively for either *religious worship* or charitable purposes, . . . shall be exempt from taxation. [Emphasis added.]

██ The terminology "used exclusively for religious worship" is before the court for the first time. It has long been held that all property of every kind, nature and description is subject to taxation regardless of its ownership. That proposition is based upon the concept that all species of property shall bear its equal proportion of the burden of government. An owner who claims an exemption has the burden of showing that the property falls within an exception. Those provisions of the Constitution and the statutes dealing with exemptions are strictly construed against the one claiming an exemption and all doubts are resolved against the claim of exemption.[1]

██ While there is some conflict, the decided weight of authority supports the rule that parsonages, residences of ministers, and parish houses owned by a church and occupied as a residence by the pastor or priest of a church are not exempt from property taxes.[2] The facts in the case before the court are without conflict that the parsonage was used as a residence, and even though some church functions were carried on there, it cannot be classified as being used exclusively for religious worship.

██ Counsel invites our attention to the provisions of Sections 59–2–30 and 31, U.C.A.1953, which seem to expand exemption spelled out in the Constitution above referred to by adding "incidental to and reasonably necessary for the accomplishment of such religious worship or charitable purposes." It is beyond the constitutional powers of the legislature to amend or to modify the provisions of the Constitution.[3] It appears to us that the problem here involved is one of interpretation rather than implementation.

The decision of the Tax Commission is reversed. No costs awarded.

HENRIOD, C. J., and CROCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (concurring).

I concur but remind by brothers that the same ruling should have been made in the case of *Benevolent and Protective Order of Elks v. Tax Commission,* 536 P.2d 1214 (Utah 1975).

1. *Parker v. Quinn,* 23 Utah 332, 64 P. 961.

2. 13 A.L.R. 1197; *City of East Orange v. Church of Our Lady,* 21 N.J.Misc. 374, 34 A.2d 297; *Interstate Lien Corp. v. St. Paul's African M. E. Z. Church,* 275 App.Div. 993, 91 N.Y.S.2d 228; *Sisterhood of Holy Nativity v. Tax Assessors of Newport,* 73 R.I. 445, 57 A.2d 184; *Application of Society of Precious Blood,* 34 Ohio Ops. 293, 71 N.E.2d 278; 15 A.L.R.2d 1068; 49 Col.Law Rev. 968.

Note: A number of states exempt parsonages from property taxes by statute.

3. *State v. Armstrong,* 17 Utah 166, 53 P. 981; *State v. Salt Lake County,* 96 Utah 464, 85 P.2d 851; 61 A.L.R.2d 1031.