TRUSTEES OF THE CHAPEL OF THE GOOD SHEPHERD *vs.*
CITY OF BOSTON.

Suffolk. March 13. — April 5, 1876. COLT & LORD, JJ., absent.

A corporation for religious and charitable purposes, authorized by its charter "to hold,
maintain and let lodging-houses, upon such terms and conditions as it may deter-
mine, subject to the laws of the Commonwealth," as well as to "erect, hold and
establish churches or chapels for public religious worship," built upon its land a
lodging-house in which rooms were let to tenants at the usual rates of rent, and the
proceeds devoted to the charitable uses named in the charter. *Held*, that the rooms
so let were not exempt from taxation under the Gen. Sts. *c.* 11, § 5, *cl.* 3.

CONTRACT to recover the amount of taxes paid under protest.
The case was submitted to the judgment of the Superior Court,
and, after judgment for the defendant, to this court, on appeal,
on an agreed statement of facts, in substance as follows :

The plaintiff was incorporated under the St. of 1868, *c.* 114,
and was authorized to hold real and personal estate to the amount
of $200,000. The real estate upon which the taxes in contro-
versy were assessed is situated on Cortes Street, in Boston, and
lies immediately west of the chapel lot of the plaintiff, which is
not taxable. The land in question here measures fifty-six feet
on Cortes Street, and, with the chapel lot, forms the entire real
estate owned by the plaintiff, and was used in connection with
the chapel during the years 1871 and 1872.

In 1872, a lodging-house was built on the land in question,
which has, since 1872, been occupied and used by the plaintiff as
a lodging-house, which the plaintiff was authorized to " erect,
hold, maintain and let," within said city, " upon such terms
and conditions as it may determine, subject to the laws of the
Commonwealth," and is still so occupied and used. This house
has been let to families since its erection at the usual rate of
rents for the rooms let, no inquiries being made as to the relig-
ious belief of the tenants, the only requisition being that the
tenant should produce satisfactory references as to his character.
The plaintiff has received rents amounting to about six per cent.
on the cost of the lodging-house, above expenses.

This lodging-house is a distinct building known as Huntington
House, but is connected with the chapel of the plaintiff, ( n the

same lot, so that one can pass from one to the other.  The first floor of the house is used for a reading room for all attending the chapel, and also for the Sunday-school connected with the chapel, as well as for a place of meeting of all the associations and societies, charitable and religious, connected with those attending the chapel.  The defendant's assessors, in fixing the value of said land and lodging-house thereon for taxes, made a deduction therefrom for the room so occupied.

The plaintiff does not hold real and personal estate worth more than $200,000 ; and the whole income thereof is devoted to the uses named in the act.

The plaintiff paid, under protest, taxes on the real estate in controversy, amounting to $505.05, for the year 1873.

If, upon the foregoing statement of facts, the lot and lodging-house aforesaid were exempt from taxation, then judgment for the amount thus paid, with interest, was to be entered for the plaintiff; otherwise, for the defendant.

*S. A. B. Abbott & C. T. Lovering*, for the plaintiff.

*J. L. Stackpole*, for the defendant.

GRAY, C. J.   The plaintiff, by its charter, is " made a body corporate for religious and charitable purposes," and is empowered to " erect, hold, maintain and let lodging-houses within the city of Boston, upon such terms and conditions as it may determine, subject to the laws of the Commonwealth," as well as to " erect, hold and establish churches or chapels in said city for public religious worship," and to hold real and personal estate to the amount of $200,000, " the whole income of which shall be devoted to religious and charitable uses."   St. 1868, *c.* 114.

In order to exempt real estate belonging to a charitable institution from taxation, it is not enough that the income derived therefrom should (as all the income of the corporation, from whatever source derived, must) be applied to the purposes for which it was incorporated; but the real estate itself must be occupied by the corporation or its officers, for those purposes. Gen. Sts. *c.* 11, § 5, *cl.* 3.

The chapel erected and held by the plaintiff was doubtless occupied by the corporation for a charitable and religious purpose, and is admitted to have been exempt from taxation ; and lodging-houses let to poor tenants, without compensation, might fall within the same rule.

But the rooms let by the plaintiff to tenants, receiving the usual rate of rent, were clearly not occupied by the corporation or its officers for religious or charitable purposes, within the meaning of the tax act. *Lowell Meeting-house* v. *Lowell*, 1 Met. 538. *Pierce* v. *Cambridge*, 2 Cush. 611. The power conferred by the charter was broad enough to authorize the corporation to let rooms upon these terms. But it did not make the purpose of investment and profit, for which these rooms were improved and used, a charitable or religious purpose, in any legal aspect.

As part, at least, of the plaintiff's real estate was not exempt from taxation, this action cannot be maintained. *Bourne* v. *Boston*, 2 Gray, 494. And according to the terms of the case stated there must be                    *Judgment for the defendant.*