Johnson, J.
The plaintiff is a corporation organized under the act of 1852, as amended March 14, 1859. 1 S. & O. 305. “ Section 73 of said act provides that: The trustees or directors who may be appointed under the provisions of this act, and their successors in office, shall have perpetual succession of such name as may be designated, and by such name shall be legally capable of contracting, and of prosecuting and defending suits, and shall have capacity to acquire, hold, enjoy, dispose of, and convey all property, real or personal, they may acquire by purchase, donation, or otherwise, for the purpose of carrying out the intention of such society or association, but they shall not acquire or hold property for any other purpose.”
The purposes of this association, and for which it may acquire, hold and use property, are, as found by the district court, and set forth in “ Exhibit A,” “ The diffusion of useful knowledge and the acquirement of the arts and sciences by the establishment of a library of scientific and miscellaneous books for general circulation, and a reading room, lectures and cabinets.”
It is open to all without distinction, and all its income is devoted exclusively to said purposes.
That this association, in its objects and purposes, is, “ an in *258 .stitution of purely public charity,” within the meaning of the statute of 1864, is, we think settled by the cases of Gerke v. Purcell, 25 Ohio St. 229 ; Cincinnati College v. State, 19 Ohio, 111; and Humphries v. Little Sisters of the Poor, 29 Ohio St. 201.
As it appears, by the findings of the court, that some of the rooms in the basement and in the different stories are used by the association for its objects, some are vacant and some are rented, the only remaining question is, whether the part of the property that is rented should be assessed for taxation %
This requires a construction of the sixth clause of section 1 of the act of March 21, 1864, providing for exemptions, which reads as follows:
“ All buildings belonging to institutions of purely public charity, together with the land actually occupied by such institution, not leased or otherwise used with a view to profit, and all moneys and credits appropriated solely to sustaining, and belonging exclusively to such institutions.”
In considering this question, we may premise:
1st. That all exemptions by statute, from the equal burdens of taxation, should be strictly construed,
2d. That the fact that the income derived from rents of parts of the building not used is devoted exclusively to the objects.and purposes of the association, and not used for the benefit or profit of its members, can make no difference.
The law looks to the property, as it finds it irt use, and not to what is done with its accumulations. Cincinnati College v. State, 19 Ohio, 110; Humphries v. Little Sisters, 29 Ohio St. 201; Gerke v. Purcell, 25 Ohio St. 229.
3d. The circumstance, that the rooms in the building, actually used by the association, are on the different floors, from the basement to the third story, and are not severable by any vertical or horizontal lines through the building, presents no obstacle to a separation in valuation for purposes of taxation. This was settled in Cincinnati College v. Yeatman, 30 Ohio St. 276.
The case of Cincinnati College v. State (supra), would seem to be decisive of the one at bar, and is so, unless, as is claimed, *259 the exemption clause under consideration requires a different construction from the corresponding clause in the former statutes under which that case arose.
The words of the act of 1864 are: “ All buildings belonging to institutions of purely public charity, together with the land -actually occupied by such institution, not leased or otherwise used with a view to profit,” &c., while those of the act of 1846 -are : “ All buildings belonging to scientific, Utera/ry, or benevolent societies, used exclusively for scientific, literary or benevolent societies, together with the land actually occupied by -such institutions, not leased or otherwise used with a view to profit,” &c.
The argument is, that as the word exclusively is omitted from the act of 1864, it was intended to change the law as construed in Cincinnati College v. State, and that now, if part only of the building is so used, and the residue is rented, .the whole is exempt. This construction would defeat the limitation found in the words “ not leased or otherwise used with a view to profit.”
The words “ institutions of purely public charity,” are substituted in the act of 1864, for the societies specifically named in the act of 1846, and embrace all societies without enumeration, where the object is apurely public charity. If such an institution embraces other objects, and uses its buildings for •other purposes, as for instance, renting with a view to profit, it is not an institution of purely public charity. In short, its buildings must, under the act of 1864, as well as under that ,-of 1846, be used exclusively for that object, in order to be •exempt.
Any other construction would defeat the manifest intention •of the tax laws, and allow such institutions to become landlords of all species of property, provided the income derived therefrom is used to promote their objects.
Again, in view of the principle that exemptions from taxation should be strictly construed, it has been held, in many well-considered cases, that an exemption in general terms of all the property of a college or other institution extends only '.to the projDerty actually used for its legitimate purposes, as *260 fully as if the exemption was expressly limited to such property.
Thus, when a library association was incorporated, to establish a library, and by its charter its property, in general terms, was exempt from taxation, it was held that the use must be direct and exclusive, and that where the building of the association consisted of a large number of rooms, a small portion of which only were used, and the others were rented out for business purposes, the part so used was not exempt from taxation. State v. Elizabeth, 4 Dutcher, 103. To the same effect is the case of State v. Flavell (4 Zab. 382), where 'the lands of a corporation were, by its charter, in general terms, exempted from taxation; it was held, that this exemption only extended to such real estate as was held for the purposes of the corporation, and did not include other lands or property. See also, State v. Mansfield, 3 Zab. 512; Burrows on Taxation, 130-136 ; Trustees of Good Shepherd v. Boston, 120 Mass. 212; Detroit v. Mayor, 3 Mich. 112. Indeed, such must necessarily be the case.
The statute under which the plaintiff holds its charter, as already cited, gives it capacity “ to acquire, hold, enjoy, dispose of and convey all property, real or personal, they may acquire by purchase, donation or otherwise, for the purpose of carrying out the intention of such society or association, but they shall not acquire or hold property for amp other purpose”
While we do not intend to suggest a doubt of the right of this corporation to accept this munificent donation of Mr. Case, the property being an entirety and suitable for its purposes, yet we think it clear, that as to so much of this building and grounds, not necessary for its use, which is rented out, should not be exempted from its equal share of taxation.
It may be said, that the entire building may become necessary for the objects of the association. When this shall become the case, and the entire building or any additional parts are so trsed, the parts thus withdrawn from renting, cease to be leased or otherwise used with a view to profit, and fall within the exemptipn.
*261 The fact that the building is so constructed that the parts leased or otherwise used with a view to profit cannot be ¡separated from the residue by definite lines, is no obstacle to a valuation of such parts for purposes of taxation, having due reference to the taxable value of the entire property. ■

Remcunded, for further proceedings in accordcmoe with this decision.