LYNN WORKINGMEN'S AID ASSOCIATION *vs.* CITY OF LYNN.

Essex. Nov. 8, 1883. — Jan. 3, 1884.   W. ALLEN & HOLMES, JJ., absent.

A corporation was chartered with authority to purchase and hold land, to improve the same for houses to be owned by working people and others, and to sell houses and lots, payable at cost, on instalments.  On May 1, 1880, and on May 1, 1881, the corporation owned land with buildings thereon.  At the former date, none of the buildings were occupied.  At the latter date, some of the buildings were occupied by persons to whom the corporation had given bonds for deeds. The corporation had as far as practicable improved all its land, and assigned it and caused it to be occupied, as provided in its charter, and had made no other use of any of its land  *Held,* that, even if the corporation was to be considered a benevolent or charitable institution, within the Gen. Sts. *c.* 11, § 5, *cl.* 3, its real estate was not at the times above mentioned so occupied by it as to be exempt from taxation.

CONTRACT to recover the amount of taxes assessed by the defendant in the years 1880 and 1881, respectively, upon real estate owned by the plaintiff, and paid under protest.  The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, in substance as follows :

The plaintiff is a corporation, chartered by the St. of 1880, *c.* 195,* and, on May 1, 1880, and May 1, 1881, was the owner of certain land, with buildings thereon, situated in Lynn.

---

* Section 1 of this statute constituted certain persons named, and their associates and successors, a corporation, " to purchase and hold real estate "

On May 1, 1880, the buildings above mentioned were vacant; and on May 1, 1881, some of them were, with the land connected therewith, occupied by persons who had received bonds for deeds, and were paying for them as provided by the charter of the corporation; but no part of said real estate had been paid for in full by any of the occupants, nor had deeds of any of it been given.

Only one of said occupants, William E. Stone, was ever a member of the corporation.

The cost value of all the land belonging to the plaintiff in 1880 and 1881 was $869.68. The cost value of the land and buildings occupied as above stated in 1881 was $562.47, that of the portion occupied by Stone being $300.22. The plaintiff has, as fast as practicable, improved all its land, and assigned it and caused it to be occupied as provided by its charter; and it has made no other use of any of its land.

Upon all the real estate aforesaid, the defendant assessed to the plaintiff a tax for the year 1880 of $17.60; and during the months of July and August, 1881, gave due notice of the sale of said real estate for non-payment of the tax, the tax having remained unpaid for more than fourteen days after having been duly demanded from the plaintiff by the defendant's collector of taxes. On August 22, 1881, the plaintiff delivered to the defendant's collector of taxes a written protest against the assessment and collection of the tax, and thereupon paid to said collector the amount of said tax, together with interest, and the costs of advertising and notice, the whole amounting to $20.34.

---

in Lynn, "to improve the same for homes to be owned by working people and others, and to sell houses and lots, payable at cost on instalments to persons who shall occupy the same under its rules; with all the liabilities, duties, and restrictions set forth in all general laws which now are or may hereafter be in force relating to such corporations."

Section 3 authorizes the corporation to hold real and personal estate for the purpose aforesaid, not exceeding $50,000 in value, and to receive and hold in trust, or otherwise, funds received by gift or bequest, to be by it devoted to such purposes.

Section 7 provides that " No title shall be given by said association to any real estate sold by it until full payment has been received for the same."

Section 10 provides for an annual return by the corporation to the board of state charities.

The defendant also assessed to the plaintiff upon all its real estate aforesaid a tax for the year 1881 of $18.27; and on May 18, 1882, the plaintiff delivered to the defendant's collector of taxes a written protest against the assessment and collection of the tax; and thereupon paid to said collector the amount of said tax, together with interest and the cost of a summons, the whole amounting to $19.39.

These assessments were valid, if said property was in said years taxable to the plaintiff, and was not by law exempt.

If, upon the above facts and the true construction of the charter of the plaintiff corporation, the plaintiff was entitled to recover in this action the whole or any part of the money so paid, by reason of the exemption of said property, or any part thereof, from taxation, judgment was to be entered for the plaintiff for the sum of forty dollars; otherwise, judgment for the defendant.

*W. H. Gove,* (*J. W. Porter* with him,) for the plaintiff.

*D. O. Allen,* for the defendant.

COLBURN, J. Without determining the question whether the plaintiff can be considered a benevolent or charitable institution, within the meaning of the Gen. Sts. *c.* 11, § 5, *cl.* 3, we are of opinion that, if this question should be decided in the affirmative, its real estate was not occupied by it, or its officers, for the purposes for which it was incorporated, so as to be exempt from taxation under the provisions of that statute.

The real estate assessed was held by the plaintiff for the purpose of sale. It is not all the real estate owned by a corporation included in the statute that is exempt, but only such as is occupied in a particular way. In the Rev. Sts. *c.* 7, § 5, *cl.* 2, relating to this subject, the language used is " shall actually be occupied by them." The word " actually " was omitted in the General Statutes, without any apparent intention of changing the meaning. The word " occupied " in the statute is not used in the general sense in which a corporation or individual may be said to occupy their real estate when it is not occupied by any one else, but in the sense in which an incorporated college, academy, hospital, or like institution, occupies its college, academy, or hospital, and the lands and buildings connected therewith. That this was the intention of the Legislature is shown by the St. of 1878, *c.* 214, passed probably in consequence of the decision in *Trinity*

*Church* v. *Boston*, 118 Mass. 164, which provides that "the real estate belonging to such institutions as are mentioned in the third division of section five of chapter eleven of the General Statutes, purchased with a view of removal thereto, shall not be exempt from taxation for a longer period than two years until such removal takes place."

The plaintiff is essentially a land company, and, although it is to make no profits, and is required to sell its houses and lots on such terms as may in some sense be deemed benevolent or charitable, it did not occupy the real estate assessed so as to entitle it to exemption from taxation. *Chapel of the Good Shepherd* v. *Boston*, 120 Mass. 212.

*Judgment for the defendant.**

---

* The St. of 1884, c. 184, provides that "All property both real and personal held by the Lynn Workingmen's Aid Association, for the purposes and in accordance with the provision of the charter of said association, shall be exempt from taxation."