[ Filed April 14, 1890. ]

LINN W. WOODS, Appellant, *v.* THE TOWN OF PRINEVILLE, Respondent.

MUNICIPAL CORPORATION—POWER TO RESTRAIN DRUNKENNESS.—The power is conferred upon the council of the town of Prineville by its charter (Session Acts, 1880, p. 116) to prevent and restrain drunkenness. Under this power the council may prohibit the furnishing or giving intoxicating liquors to an habitual drunkard or one who is in the habit of becoming intoxicated.

PLEADING—TOWN ORDINANCE.—The proceedings in a recorder's court to enforce the ordinances of a town are necessarily summary; but in pleading, the substance of all that is legally necessary must appear, and in declaring on an ordinance it is sufficient to plead its legal effect. It might have been set out in *haec verba,* but this form is not indispensable. In declaring upon a town ordinance, it is generally sufficient if the complaint follow the descriptive words of such ordinance.

VALIDITY OF TOWN ORDINANCE—PROOF.—In enforcing a town ordinance, its passage must be made to appear, and its legality will then be determined by the charter and by what is contained in such ordinance.

APPEAL from Wasco county: J. H. BIRD, judge.

The information upon which the defendant was convicted before the recorder of the city of Prineville, is in substance as follows: "The said Linn W. Woods, on the tenth day of February, 1889, in the town of Prineville, within the corporate limits thereof, did furnish Alex. Conley intoxicating liquors, to wit, beer and whisky; the said Alex. Conley being then and there an habitual drunkard, and prior thereto having been declared an habitual drunkard by the town council by an ordinance, which made it unlawful for any person to furnish the said Alex. Conley any spirituous, malt or vinous liquors," etc. The plaintiff sued out a writ of review and brought the record into the circuit court, where the same was examined and the judgment of conviction was affirmed, from which he has appealed to

this court. Before pleading not guilty in the recorder's court the present plaintiff demurred to the information, but the same was overruled and he then pleaded not guilty.

Counsel stipulated that this cause should be heard here instead of Pendleton.

*J. F. Moore*, for Appellant.

*Geo. W. Barnes* and *M. E. Brink*, for Respondent.

STRAHAN, J., delivered the opinion of the court.

The argument of appellant's counsel presents five points for consideration on this appeal, but there is really but one question, and that is the sufficiency of the complaint upon which the appellant was tried before the recorder. So far as may be necessary to the proper disposition of the case, these objections will be separately noticed.

1. The first question presented is the alleged invalidity of the ordinance under which the complaint was made. That depends on the authority conferred by the charter. By section 21 of the charter, "the council has power within the corporate limits—    *    *    *    *    *

"4. To license, tax, *regulate*, restrain or suppress barrooms, tippling houses and all places where spirituous or malt liquors are sold, billiard saloons, bowling alleys, theatrical and other exhibitions, shows and public amusement, and to suppress bawdy houses, gaming and gambling houses; *provided*, that no law or part thereof authorizing any tribunal or officer of Wasco county to grant tavern or grocery license shall apply to persons vending liquor within the corporate limits of the town of Prineville."

The plain intent of this section was to confer upon the council authority to license, tax, regulate, restrain or suppress barrooms, tippling houses, etc., and the exclusive authority to license the sale of liquors, within the corporate limits of said town.

Subdivision 15 of the same section of the charter empowers the council to prevent and restrain "drunkenness." To prohibit the sale or giving of intoxicating liquors to an

habitual drunkard is one way of "preventing" and "restraining" drunkenness. It is not for the court to say whether it is the best way or not, nor is it material. It is evident if no liquor is sold or given to such person, to that extent the object of this provision of the charter is accomplished. I think that the ordinance, so far as it prohibits the furnishing of intoxicating liquors to an habitual drunkard, is within the powers granted by the charter and must be upheld.

2. It is next objected that said ordinance is not properly pleaded. In discussing this objection, it must be remembered that this proceeding was instituted in an inferior court, where rigid technicality would be subversive of the whole purpose of the law in the organization of such courts. There proceedings are necessarily summary; but the substance of all that is legally requisite must appear. There are two modes at common law of bringing any writing upon the record by pleading,—one was to set it out in *haec verba*, and the other was to plead it according to its legal effect, and this rule remains unchanged by any provision of our Code. The pleader evidently sought to avail himself of the latter mode, and while the matter might have been stated with greater fullness and particularity, I am not prepared to hold that it is insufficiently pleaded. The substance of so much of the ordinance as was material is stated, and from this its legal effect is apparent.

3. It is next claimed that the complaint is insufficient because it fails to allege that the defendant *knowingly* furnished the spirituous liquor, etc. On this point, so far as appears, the complaint follows the descriptive words of the ordinance, and in indictments founded upon statutes that is ordinarily sufficient. It will hardly be claimed that a stricter rule ought to be applied to this pleading.

4. It is next suggested that the validity of the ordinance was not proven, and the evidence offered was insufficient. Neither of these is presented by this record. The *passage* of the ordinance by the council was all on that subject which the town need make appear on the trial before the

recorder.   When its passage was shown, its legality or illegality did not depend on proof, but upon the charter and what it contained.   Whatever evidence was offered does not appear, and if it did, review is not the proper proceeding to re-try a question of fact, unless possibly in some exceptional case, which have not as yet been brought before the courts of this State.

5.   It is next contended that this ordinance is in conflict with the general statute of the State, which makes it unlawful for any person to knowingly sell any spirituous or intoxicating liquors to any intoxicated person or to any person in the habit of becoming intoxicated.   Session Acts, 1876, p. 8.   The course of legislation in this State and the tendency of judicial opinion are to leave this question in the hands of municipalities.   Charters with enlarged powers have been constantly granted to the cities and towns, to enable them to deal with it in such manner as their particular condition may require.   The charter of the town of Prineville is an example of that character.   Counsel for appellant cite *Barton* v. *La Grande,* 17 Or. 577, as tending to support his objections to the insufficiency of this complaint; but the main question there was the construction of the charter relating to the right of appeal, and in what cases the writ of review was the appropriate remedy.   The sufficiency of a complaint in such case was not involved.   Such legislation as that under consideration relates to the piece and good order of the town.   It is an exercise of the police power of the State, confided to the authorities of the town by the charter, and as long as it is kept within proper limits will be steadily upheld.

The judgment of the court below will be affirmed.