Smith, J.
The substantial facts, as agreed upon by the parties, are these: The plaintiff, on June 14, 1889, purchased the tract of'about twenty-eight acres of laud described in the petition, with the view and intention of thereafter using them for cemetery purposes in connection with other lands adjoining the same, then actually in use as a graveyard or grounds for burying the dead. Soon after such purchase steps were taken towards the actual improvement for cemetery purposes of this particular tract of twenty-eight acres by surveying, moving partition fence and doing some grading; and in the summer of 1891 the platting of the ground was finished by a civil engineer, and the first interment on the tract took place in December, 1891, and since then the same has been used for purposes of interment.
During the summer of 1890 the plaintiff rented this tract of twenty-eight acres to a dairyman for pasturage, and received as compensation $100 therefor, which amount was applied to the improvement and maintenance of the cemetery. There was an old dwelling house on the tract when it was *440 purchased, and the plaintiff permitted the laborers who were hired to work in the cemetery, and to guard the same and this ground against trespassers, to occupy this house with their families during the summer of 1890, and continuously until the summer of 1891, and the superintendent deducted a small amount of their wages each month by way of rent.
In 1891, this state of fact appearing to the auditor, he duly placed the twenty-eight acres of land (which had not been on the duplicate for 1890) on the duplicate for 1891, at the proper valuation thereof, and assessed against it the taxes for 1891. This action is brought to enjoin the collection thereof, the plaintiff claiming that it was wholly exempt from taxation for the year 1891.
Our statute, section 2731, provides that “ all property, whether real or personal, in this state, * * * except only such as may be expressly exempted therefrom, * * * shall be entered on the list of taxable property as prescribed by this title ;” and section 2732 provides that “the following property shall be exempt from taxation.” * * * Second, (cemeteries) all lands used exclusively as graveyards, or grounds for burying the dead, except such as are hired by any person or persons, company or corporation, with a view to profit, or for the purpose of speculating in the sale thereof.”
We are of the opinion that on the day on which the lien of the state for taxes levied for all purposes for the year 1891, attached to all real property subject to such taxes, viz., the day preceding the second Monday in April of that year, this tract of twenty-eight acres was not being used exclusively as a grave yard or grounds for burying the dead. At that time, although the title to the same was in the cemetery, it had not, in fact,, been appropriated to that purpose. Though some preliminary work had been done on the grounds, the platting was not completed until the summer of 1891, and presumably no lots had been sold therein until after the platting’was completed, and certainly no interment had been made therein, and before this the lien of the state, for the taxes, had attached to the land, *441 and could not be avoided for that year by 'the subsequent use of the land for burial purposes.
There are quite a number of cases in Ohio which explicitly declare that statutes exempting property from taxation must be construed strictly, and that where language is used in such a statute, exempting from taxation property used exclusively for certain purposes, or like terms, that to justify such exemption in a given case, it must certainly come within the terms of the statute; see 8 Ohio 89; 19 Ohio, 110; 25 Ohio St. 229; 29 Ohio St. 201; 36 Ohio St. 253.
While this is so, we suppose that it should have a reasonable construction in other respects — for instance, that if a cemetery association has land prepared for and set apart for the burial of the dead, that it is not essential to make it exempt from taxation, under our law, that the whole of it be used in this way, It would seem that there might be necessary and proper buildings thereon, as chapels, offices, etc., and it may be even a place of residence for those in charge; and that-the fact that a very considerable part of the ground was not used for the mere purpose of burial, but was used for avenues and plats, useful or ornamental, if not used for profit, would not render the whole or any part of the land liable to taxation. But in the case presented to us there was, in fact, no use prior to December 1, 1891, of any of this ground for burial purposes ; and in the year preceding that, for which the tax was levied, it was used for a pasture. This, of course, would not of itself make the land liable to taxation the following year, but it only shows that at that time, at least, it had not been set apart and used for burial purposes, and the same state of fact continued until after April 1891, when the tax lien attached. If at that time the land had been prepared for burial purposes,"lots sold or offered for sale, we think it would have presented a different case, and we would, in that event, have been unwilling to hold that the mere occupation of the old house upon the premises, by the workmen engaged in caring for and protecting it, even if something was deducted from *442 their wages for the use of it, would have made the whole or that part of the property liable to taxation. We think that these views are supported by the eases cited in argument: See 118 Mass. 358; 60 Iowa, 717; Cooley on Taxation, 203; 86 Ill. 336; 50 Md. 352; 3 Ex. Rep. 344; 120 Mass. 212; 8 Kan. 344.
August M. Bode, for the Cemetery.
Spiegel, Bromwell & Foraker, for the County Treasurer.
We think the case is not affected by section 3581, Revised Statutes, which provides that cemetery associations in any county containing a city of the first class may hold not exceeding five hundred acres “for the sole and exclusive use of a cemetery,” three hundred acres of which shall be exempt from taxation. This section was intended to limit the number of acres which should be exempt, and not to allow its use for other than cemetery purposes. It must still be for the sole and exclusive use" of a cemetery.
We are of the opinion, therefore, that the cemetery is not entitled to the relief sought, and the petition will be dismissed.