Parker et al. v. B. B. Quinn et al.

MARGARET J. PARKER, JENNETTE F. GRIGGS and ELIZABETH ASHTON, Trustees, Appellants, v. B. B. QUINN, Assessor and S. J. LYNCH, Treasurer for Salt Lake County, Respondents.

TAXATION—PROPERTY SUBJECT TO—GENERAL RULE—EXCEPTION—EXEMPTION FROM TAXATION—BURDEN OF PROOF—LANGUAGE NECESSARY TO CREATE EXEMPTION FROM TAXATION—SEC. 3, ART. 13, CONST.— SEC. 2503, R. S. 1898—PROPERTY OF CHARITABLE INSTITUTION—WHEN EXEMPT—WHEN NOT.

1. TAXATION: PROPERTY SUBJECT TO: GENERAL RULE: EXCEPTION. As a general rule all property, of what kind soever, and by whomsoever owned, is subject to taxation, and when any kind of property is exempt it constitutes an exception to the rule.

2. EXEMPTION FROM TAXATION: BURDEN OF PROOF. An exemption will not be aided by judicial interpretation, but must be shown to exist by express terms of the enactment which, it is claimed, grants it, and the burden is on the owner claiming the exemption, to show that it falls within the exception.

3. LANGUAGE NECESSARY TO CREATE EXEMPTION FROM TAXATION. In order to relieve any species of property from its due and just proportion of the burden of the government, the language relied on, as creating the exemption, should be so clear as not to admit of reasonable controversy about its meaning, for all doubts must be resolved against the exemption.[1]

4. SEC. 3, ART. 13, CONST.: SEC. 2503, R. S. 1898. Under the provisions of sec. 3, art. 13, Const., and sec. 2503, R. S. 1898, only that portion of the property of a benevolent society, as is occupied and used "exclusively" for charitable purposes, is exempt from taxation, and the exemption does not extend to that portion not appropriated by the society·to its own use, but held as a source of revenue, especially .when the value of each portion is separately ascertainable.

5. PROPERTY OF CHARITABLE INSTITUTION: WHEN EXEMPT: WHEN NOT. Where a portion of certain property, owned by a charitable institu-

---

[1]Judge v. Spencer, 15 Utah, 242.

tion, is occupied and used by it for charitable purposes, and the remaining portion thereof is devoted to purposes of revenue, the portion used and occupied for charitable purposes is exempt, and the portion not so used and occupied is subject to taxation.

Decided April 8, 1901.

Appeal from the Third District Court, Salt Lake County.— *Hon. Ogden Hiles,* Judge.

Action to enjoin the collection of taxes on the premises described in the complaint, upon the ground that they are used exclusively for charitable purposes. From a judgment dismissing the action plaintiffs appealed.

Reversed.

*N. V. Jones, Esq.,* for appellants.

The plaintiffs contend, as appears by their assignment of errors numbered one and two, that it was error for the trial court to hold the property in question liable for taxation, when the whole of said property was received by voluntary contributions for charitable purposes, and all of the rentals and other proceeds and receipts of said society are used exclusively for charitable purposes and not for pecuniary gain, either of said society or its members.

The contention is that the words "used exclusively" do not, within the purview of our statute, necessarily mean actual occupancy, but should be construed in a broader sense.

That the fact of the ownership and control of said premises, together with the acknowledged appropriation and use of all the rentals received from said premises for exclusively charitable purposes, is practically, and within the spirit of the stat-

ute, an *exclusive use* of the premises and of the capital sum upon which said interest or rental is derived, as much so as if the premises were occupied by said relief society for work rooms or any other necessary use.

The policy of the law, it would seem, is rather to encourage labors and works of a charitable nature, than to restrict them, for by encouraging them, the State is relieved of many of its burdens and some of its expense.

In support of appellant's contention see the following authorities. Temple Grove Seminary v. Cramer, 20 N. Y. App. 428, 98 N. Y. 121.

Upon the proposition that the appropriation of the rental and proceeds from the property exempts the capital stock from taxation, see, Congregation United Brethren of Salem v. Comrs. of Forsythe County, 20 S. E. Rep. 626.   See, also, Sisters of Charity v. Collector of Chatam, 20 At. Rep. 292; New Orleans Female Orphan, etc., v. Asylum, 37 La. Ann. 68; City of New Orleans v. Poydras Asylum, 33 La. Ann. 851; Willard v. Pike, 59 Vt. 202; People ex rel. Hospital v. Purdy, 12 N. Y. Sup. 307; Mt. Hermon Boys School v. Gill Township, 145 Mass. 139, 13 N. E. Rep. 354; Town of New Haven v. Trustees of Sheffield, 59 Conn. 163; St. Mary's Church v. Tripp, 14 R. I. 307; People v. Dohling, 6 N. Y. App. Div. 86.

The third and fourth assignments of error are to the effect that the court erred in holding all of said property to be taxable because, in any event, only that part could be taxed under the law, which produces a rental or revenue, the remainder being exempt beyond question.

The contention is that if any of said property is taxable it is simply taxable *pro tanto*, and that the attempt to tax the whole property without segregating it and assessing that part

which is properly taxable, is an unlawful attempt to tax and sell property which is exempt by law from taxation.

As to the relative value of that part of the building which produces the rental, it is stated in the findings that its value is $600. The same rule applied to the real estate would determine that part of the property producing revenue at sixty per cent of the aggregate value.

The right of the citizen to be protected in his exemption rights is as sacred as the right of the State to tax, and his property should be protected from taxation when it is fairly and clearly within the exemption, as it is shown to be by the findings of fact in this case. Upon the foregoing proposition, see: Bank of Commerce v. Tenn., 104 U. S. 493; Cambridge v. Middlesex Co., etc., 114 Mass. 337; State v. Leester Collr., 28 N. J. L. 103; People v. Sayles, 53 N. Y. Sup. 67; Mulroy v. Churchman, 52 Iowa 238; First M. E. Church v. Chicago, 26 Ill. 482; Cleveland v. Pelton, 36 Ohio St. 253; 12 Am. & Eng. Ency. of Law (2 Ed.), 323.

The sixth assignment of error relates to appellants' claim to have the county treasurer enjoined from the collection of the tax for the year A. D. 1900, for reasons heretofore stated.

If the appellate court shall find that the property is exempt from taxation, then, in such case, in support of appellant's right to enjoin the defendants, we cite: St. Mary's Gas Co. v. Elk County, 43 At. Rep. 321; Pomeroy's Equity, secs. 1347-1348-1357, and notes; also 249-251, and on pages 251, 252, sec. 252. Spelling Ex. Relief, secs. 16, 59, 60, 626, 642-644-664-666-672-726, and citations under note five, secs. 921-930-1021-1024; Valle v. Ziegler, 84 Mo. 214; Bank v. Kansas, 73 Mo. 555; Northern Pacific R. R. v. Cartland, 5 Mont. 146, 3 Pac. Rep. 134; Floyed v. Galbreath, 27 Ark. 675; 10 Am. & Eng. Ency. of Law (1 Ed.), p. 859-860. See notes and citations; Shimer v. Morris Canal Co., 27 N. J. E.

*Graham F. Putnam, Esq.,* and *Ray Van Cott, Esq.,* for respondents.

### STATEMENT OF FACTS.

From the statement of facts admitted in this case, it appears that the plaintiffs, as trustees, held the legal title to certain premises, situate in Salt Lake City, for the "Fifteenth Ward Relief Society," organized and acting exclusively for charitable purposes—ministering to the poor, sick and destitute members of the community. Upon the premises there is a two-story brick building, the upper floor of which has been used continuously by the relief society for the holding of meetings and the performance of work by its members in furtherance of its charitable purposes. The lower floor contains two store-rooms, one of which is rented for $12.50 per month, and the other is being offered for the same rent but at present is vacant. All the rental so received is used for charitable purposes, and forms a part of the sums disbursed annually by the society; and all the members of the society serve as such without remuneration. In 1898, the premises, having been assessed, were sold for taxes, and the purchaser at the tax sale paid the taxes for the year 1899. The plaintiffs then brought an action to remove the lien and cloud upon the title to the premises, and the court granted the relief prayed for and entered a decree accordingly. In 1900, the premises were again assessed, and, respecting this assessment, the court, at the trial of this cause, found that the land was valued at $1,060, and the building and improvements at $1,000; and that a fair apportionment of the assessment on the building is $600 for the lower story, and $400 for the upper.

This suit was brought, after the levy of the taxes had been made, for the purpose of enjoining the taxation of these premises, as long as they are used exclusively for charitable pur-

Parker et al. v. B. B. Quinn et al.

poses, but at the trial the relief prayed for was refused and the action dismissed. The plaintiffs then appealed.

BARTCH, J.—The appellants contend that the court erred in holding that, under the laws of this State, the property in question is subject to taxation. The general rule is that all property of what kind soever and by whomsoever owned is subject to taxation, and when any kind of property is exempt it constitutes an exception to this rule. The reason of the rule is that it is just and equitable that every species of property within the State should bear its equal proportion of the burdens of the government. When, therefore, an owner claims that certain property is exempt from taxation, the burden is upon him to show that it falls within the exception. And an exemption will not be aided by judicial interpretation. It must be shown to exist by express terms of the enactment which, it is claimed grants it.

"The presumption is that all exemptions intended to be granted were granted in express terms. In such cases the rule of strict construction applies, and, in order to relieve any species of property from its due and just proportion of the burdens of the government, the language relied on, as creating the exemption, should be so clear as not to admit of reasonable controversy about its meaning, for all doubts must be resolved against the exemption. The power to tax rests upon necessity, and is essential to the existence of the state." Judge v. Spencer, 15 Utah 242; Stahl v. Educational Ass'n, 54 Kan. 542; Montgomery v. Wyman, 130 Ill. 17.

Applying these principles, it remains to be seen whether the property, in question, in this case, is exempt under the provisions of the Constitution and statutes of this State.

In section 3, article 13, Constitution, it is, so far as

Parker et al. v. B. B. Quinn et al.

material here, provided: "That the, property of the United States, of the State, counties, cities, towns, school districts, municipal corporations and public libraries, lots with the buildings thereon used exclusively for either religious worship or charitable purposes, and places of burial not held or used for private or corporate benefit, shall be exempt from taxation."

The statutory provision on this subject is found in section 2503, Revised Statutes, and reads: "The property of the United States, of the State, counties, cities, towns, school districts, and public libraries and lots with buildings thereon used exclusively for either religious worship or charitable purposes, and places of burial not held or used for private or corporate benefit, shall be exempt from taxation."

It will be noticed that the provisions of the Constitution and of the statute are practically the same, except that the statute omits the words "municipal corporations," but this omission is not material in this case. The exemptions thus expressly granted, as we have seen, form an exception to the general rule that every species of property within the State is liable to bear its just proportion of the public burden. Any property falling within the exception is released from this burden, and such release is justified on the theory that the State derives some peculiar benefit, whatever that may be, from such property. Among the several classes of property exempt are "lots with the buildings thereon used exclusively for either religious worship or charitable purposes." In the case at bar, the "relief society" which owns and manages the property, over which this controversy arose, was organized and acts exclusively for charitable purposes. It ministers to the poor, sick and destitute of the community. Its purposes are excellent and the means adopted commendable, and no doubt the State is measurably benefited by having its poor and helpless subjects under the benign protection and care of such a society. If, therefore,

in the fundamental law, in addition to specifying lots and buildings thereon used "exclusively" for charitable purposes, rentals derived from such buildings and used for such purposes were also enumerated, we would have no difficulty in this case in declaring the whole property, including the portion rented and held for rent, exempted from taxation, but the lawmakers did not see fit to exempt such rentals, in express terms, and we can furnish no aid by construction. Only such of the society's property, therefore, as is occupied and used "exclusively" for charitable purposes is exempt from taxation. It follows that the exemption does not extend to that portion not appropriated by the society to its own use, but held as a source of revenue. Especially is this so since the value of each portion is ascertainable as appears from the findings of the court. Where, therefore, as in this case, a portion of certain property, owned by a charitable institution, is occupied and used by it for charitable purposes, and the other portion thereof is devoted to purposes of revenue, the portion used and occupied for charitable purposes is exempt, and the portion not so used and occupied is subject to taxation.

We are aware that a few cases hold that, under such circumstances, the exemption is lost as to the whole property, and that some, on the contrary, hold that the whole property is exempt. We think, however, that the weight of authority is in harmony with the rule above stated, and that the disposition of this case in accordance therewith is equitable and just.

In Philadelphia v. Barber, 160 Pa. St. 123, it was held: "Where a part of a building is used for church purposes and certain rooms in the building are rented for a school, the building may be divided for the purposes of taxation, and the portion used solely for church purposes be declared exempt from taxation."

In County Comm'rs of Frederick Co. v. Sisters of Charity

of St. Joseph, 48 Md. 34, a case where the proof showed that, among other improvements which were claimed by the appellees, a society organized for charitable purposes, to be exempt, there were one or more buildings in which a number of scholars were required to pay tuition at the rate of $250 per annum, and the court held that so much of the property as was appropriated to this secular and educational purpose "for revenue" was taxable, notwithstanding the fact that the "surplus revenue" thus derived was devoted to charitable uses. Then, upon a review of authorities, it was said: "The conclusion to be drawn from these premises is, that all of the property of the appellees, real and personal, used and occupied in the maintenance and conduct of an academy or school for the education of young females, so far as it is a source of revenue to the appellees, is a proper object for assessment, notwithstanding the same buildings or property may be partially used for hospital purposes or religious worship. If the property is indivisible, so that the value of the several parts can not be ascertained, the amount of the net income from the academy or school may be capitalized as the basis of assessment."

So, in Proprietors of Meetinghouse in Lowell v. City of Lowell, 1 Metc. 538, the plaintiffs were specially incorporated for the purpose of purchasing a site for a meetinghouse, and erecting one. This they did and erected a building, the upper story of which was divided into pews, and furnished for religious purposes, while the lower story was fitted up for stores. Exemption from taxation having been claimed, Mr. Chief Justice SHAW speaking for the court, said: "Such being the nature of the property, the court are of opinion that the exemption in the statute extended to that part of the property only which was used as a place of worship, and for purposes connected with it; such as the vestry, the furnace and the like; but did not extend to separate tenements used for purposes exclusively

secular. The income raised from these tenements goes as directly to the use of the proprietors, by paying their debts, as if they made annual dividends. There may be several distinct tenements under the same roof; and tenements are as essentially distinct, when one is under the other, as when one is by the side of the other."

In Library Association v. Pelton, 36 Ohio St. 253, it was said: "The fact that the building is so constructed that the parts leased or otherwise used with a view to profit can not be separated from the residue by definite lines, is no obstacle to a valuation of such parts for purposes of taxation, having due reference to the taxable value of the entire property." 12 Am. & Eng. Ency. of Law, 323; Sunday School Union v. Phila., 161 Pa. St. 307; Detroit Young Men's Society v. Mayor, 3 Mich. 172; Chapel of the Good Shepard v. Boston, 120 Mass. 212; Cambridge v. County Commissioners, 114 Mass. 337; Appeal Tax Court of Balt. City v. St. Peters Academy, 50 Md. 321; Appeal Tax Court of Balt. City v. Grand Lodge of F. & A. M., Id. 421, 429; The Redemptionists v. The Co. Commissioners, Id., 449; Fort Des Moines Lodge, I. O. O. F. v. The County of Polk, 56 Iowa 34; Mulroy v. Churchman, 52 Iowa 238; Benevolent Society v. Kelley, 28 Ore. 173; State v. City of Elizabeth, 28 N. J. L. 103; First M. E. Church v. Chicago, 26 Ill. 482; Theological Seminary v. The People, 101 Ill. 578; State ex rel. v. Board of Assessors, 35 La. Ann. 668; State v. Ross, 4 Zab. 497; Massenberg v. Grand Lodge, 81 Ga. 212; Morris v. Masons, 86 Texas 698; Bank v. Tennessee, 104 U. S. 493; Y. M. C. A. of N. Y. v. Mayor, etc. of N. Y., 113 N. Y. 187.

We are of the opinion that the court erred in holding that all of the property in question was subject to taxation. That part of the building occupied and used exclusively by the society for charitable purposes is exempt while the other part not so

used may be taxed.   The case must, therefore, be reversed with costs, and remanded, with directions to the court below to set aside its decree and judgment of dismissal, reinstate the case and dispose of it in accordance herewith.

It is so ordered.   *Baskin, J.,* and *Hart, D. J.,* concur.