ST. LUCIE ESTATES, INC., a corporation of Martin County, Florida, et al., *Appellants,* vs. EDNA M. ASHLEY, etc., et al., *Appellees.*

141 So. 738.

En Banc.

Opinion filed May 18, 1932.

Petition for rehearing denied July 28, 1932.

*Dame & Rogers*, for Appellants;

*Sumner & Sumner*, for Appellees.

TERRELL, J.—The record in this case discloses that there was lately pending in this court a quo warranto proceeding instituted by the Attorney General of Florida, wherein Appellants, with others were corelators and the City of Stuart was Respondent. The purpose of this proceeding was to test the validity of the incorporation of the City of Stuart and to show that the incorporation of the lands of Complainants in said municipality was violative of their constitutional rights. While that cause was pending here, the City of Stuart through its officers and attorneys, approached some of the corelators and proposed a settlement and compromise of their municipal taxes, whereby the City of Stuart agreed to release the Corelators from the payment of said lands for the said years on condition that Corelators would dismiss their writ of error in the quo warranto proceeeding. Such a compromise was agreed to and the City of Stuart adopted its resolution remitting the said taxes and cancelling said certificates. The Corelators also dismissed their writ of error in the quo warranto proceeding.

At this juncture, Appellees filed their bill of complaint seeking to nullify the resolution of the City of Stuart remitting said taxes and cancelling said tax certificates and to restrain any further proceedings on the part of the City tending to carry out said resolution. A temporary restraining order was granted, Appellants were permitted to intervene, answer was filed and on final hearing, the temporary restraining order was made permanent. From that decree, this appeal was prosecuted.

Numerous errors are assigned but the pith of the whole controversy is resolved by a determination of the validity of the agreement entered into between the Corelators and the City of Stuart for remitting taxes and cancelling tax certificates against the lands of Corelators.

Appellants in effect contend that the City of Stuart in agreeing to cancel their (Appellant's taxes on condition that Appellants abandon and dismiss their quo warranto proceeding admitted that said assessments were illegal and that since Appellants had in fact dismissed their writ of error in said quo warranto proceeding, to which there could be no legal impediment, that it is now the legal and moral duty of the city to carry out its terms of the agreement by cancelling the taxes and certificates as agreed to. There is no claim that the agreement was authorized by Statute or by municipal ordinance pursuant to statute.

The power of taxation inheres in the state as an attribute of sovereignty. The power to tax, to exempt from taxation, to remit taxes wrongfully collected, or to compromise taxes may be delegated to a municipality but none of these powers are inherent in it. The power to tax does not include the power to exempt, remit, or compromise taxes as it is competent to confer such powers only for designated purposes such as those enumerated in section one, Article Nine of the Constitution.

Under Section Five of Article Nine of the Constitution,

the legislature may empower incorporated cities and towns to assess and collect taxes for municipal purposes under principles established for state taxation which means uniformity, equality, just valuation, and similarity of treatment of the subjects of taxation. Any general power to make exemptions would be invalid because in derogation of uniformity and equality.

In City of Tampa vs. Kaunitz, 39 Fla. 683, 23 So. 416, this court held that in the absence of valid legislative authority, no city or town has power to exempt taxable property within its limits from municipal taxation; nor can it bind itself by contract either to forbear to impose taxes on particular property, or to impose them only under given limitations or on certain given conditions.

In its pragmatic application, a tax is not a debt in the ordinary sense of that term, it is not predicated on contract and can under no circumstances be discharged by set off, counter claims or barter and when legally assessed taxing officers are totally without power to compromise or release it except as specifically authorized by statute and when such power is given, it must be rigidly pursued.

What we have said in this opinion leaves out of consideration the power usually vested in State, County, and Municipal boards and taxing officers to compromise, remit, sell at a discount or at the highest price obtainable therefor any taxes or tax certificates held by them after the usual period of redemption allowed by law for that purpose has expired. During this period guaranteed the taxpayer, uniformity requires that any amount which he may be required to pay to redeem shall inure in full to the benefit of the county, district, or municipality to which paid. Ranger Realty Co. vs. Miller, 102 Fla. 378, 136 So. 546.

During the period of redemption, taxes and tax certificates cannot be disposed of to the lawful owner, except

at the full amount of the taxes and penalties assessed against him, but appellants do not ground their case on any right given them under the redemption statute or under the power generally to equalize taxes. They base it exclusively on the right or power of the City of Stuart to enter into and execute the cancellation agreement set out in the first part of this opinion. We find no authority for such procedure and have not been cited to any. If such contracts can be made and performed on the part of a city, uniformity and equality are destroyed and sacrificed for favoritism and inequality. A city may equalize its taxes with a view to equality and uniformity but there is no claim that the action complained of was taken for this purpose.

Other assignments have been examined but no reversible error has been disclosed, the Chancellor is therefore affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.