Hart, J.
The principal questions presented are (1) whether a municipal corporation is empowered to compromise, abate and cancel special assessments levied against abutting properties for public improvements, in anticipation of the payment of which municipal bonds were issued, and (2) whether the municipal corporation is estopped to reinstate and collect such assessments because of changed conditions affecting the equitable rights of the present owners or lien-holders of such properties.
The power of a municipal corporation to levy and collect special assessments for public improvements benefiting abutting lands and to issue bonds in anticipation of the collection of such assessments under the provisions of Sections 3892 and 2293-24, General Code, must be and is by the respondents conceded, and no claim of invalidity is made against the levy of the original assessments or the reassessments in the instant case. See 36 Ohio Jurisprudence, 902, Section 3.
The general rule is that the power to tax does not include the power to remit or compromise taxes. A tax is not predicated on contract and cannot be discharged by reason of contractual considerations. Where taxes are legally assessed, the taxing authority is without power to compromise, release or abate them except as specifically authorized by statute, and this is for the reason that, if such contracts can be made and performed on the part of a municipality, uniformity and equality are destroyed, and the burden of obligation so remitted is inequitably cast upon the payers of general taxes in the taxing district. 38 *40 American Jurisprudence, 77, Section 388; Peter v. Parkinson, Treas., 83 Ohio St., 36, 93 N. E., 197, Ann. Cas. 1912A, 751; Miami Conservancy District v. Ryan, 104 Ohio St., 79, 135 N. E., 282; State, ex rel. Hostetter, v. Hunt et al., Exrs., 132 Ohio St., 568, 9 N. E. (2d), 676; St. Lucie Estates, Inc., v. Ashley, 105 Fla., 534, 141 So., 738; Davis v. City of Litchfield, 145 Ill., 313, 33 N. E., 888, 21 L. R. A., 563; Inhabitants of Frankfort v. Waldo Lumber Co., 128 Me., 1, 145 A., 241; City of Louisville v. Louisville Ry. Co., 111 Ky., 1, 63 S. W., 14, 98 Am. St. Rep., 387; State, ex rel. Richards, v. Armstrong et al., County Board, 17 Utah, 166, 53 P., 981, 41 L. R. A., 407.
It is contended that in refusing the extraordinary writ prayed for in the instant cause, the Court of Appeals was privileged to exercise its discretion and for that reason no reversal of its judgment should be made by this court. Although the allowance of a writ of mandamus rests in the sound discretion of the court, the exercise of such discretion must be consistent with legal right and must not be exercised so as to defeat rights clearly recognized and supported by sound and well established principles of law. 25 Ohio Jurisprudence, 1021, 1123, Sections 40, 161, 162; State, ex rel. Weinberger, a Taxpayer, v. Miller, 87 Ohio St., 12, 99 N. E., 1078, 44 L. R. A. (N. S.), 712, Ann. Cas. 1913E, 761.
The intervening respondents seek to set up as defenses to relator’s claim certain claimed equitable rights which they as purchasers or lienholders have acquired in reliance upon the action of the village council in rebating and cancelling these assessments against the property of their predecessor owners, and seek joint action in their own behalf at the hands of this court on the ground of laches and estoppel against the relator.
*41 This is an action only to compel public officials to perform their official duties, and it is not necessary to make • third persons parties defendant, although they may be affected by the order. Where a tax is illegal, all parties affected thereby may join in resisting its levy and assessment, but where a tax assesment is legal and enforceable in its inception, parties ’ claiming individual defenses to the collection of the tax cannot singly or collectively enjoin or prevent the spreading of the tax assessment on the official tax lists, for the reason that the claimed equities under the operative facts in each case must necessarily be personal and diverse in interest. However, all parties affected by the reinstatement of remitted assessments are entitled to their day in court. 25 Ohio Jurisprudence, 1171, Section 230; State, ex rel. City of Dayton, v. Patterson, Pros. Atty., 93 Ohio St., 25, 112 N. E., 142.
This court is of the opinion that the village council of Wicldiffe had no authority or power to rebate and cancel the assessments in question in the first instance. Therefore, the judgment of the Court of Appeals is reversed, the prayer of relator’s petition is granted and the assessments are restored to the tax list. However, the judgment in this case shall not affect the right of any taxpayer or interested party to resist the collection of the tax levied against his individual property and to establish his equitable defenses against such collection, if any, superior to the equities of the payer of general taxes who may be affected by the abatement of any such assessments.

Judgment reversed and final judgment for appellant.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft and Matthias, JJ., concur.