PEARSON, Judge.
This appeal presents a question of whether the City of North Miami Beach is bound by the terms of an agreement made in 1956 by which the City agreed to annex certain lands now owned by the appellee and, in consideration for the annexation, agreed not to levy ad valorem taxes against any of said lands until, among other conditions, “. . . such time as buildings have been constructed on such property or revenue *826 producing improvements have been placed upon said property.” Two other points must be dealt with, one of which raises the question of whether the tax assessor for Dade County was a necessary party in the suit below and the other is whether the City is estopped to seek a holding of the courts that the agreement is unlawful.
On December 31,1956, the appellant, City of North Miami Beach, and the predecessors in interest of the appellee, Eastern Shores Sales Company, entered into an agreement to annex and incorporate into the City certain lands, a portion of which is now owned by the appellee. In consideration of the annexation, the City agreed to provide police, fire, water, sewer and many other municipal services for the lands, most of which services have been provided during the last 19 years.
In addition, as part of the agreement, the appellant further agreed not to levy ad valorem taxes against any of said lands until “. . . such time as buildings have been constructed on said property or revenue producing improvements have been placed upon said property,” including “. parking purposes in connection with customer parking facilities connected with any of the business structures . . . ” The land was duly annexed to the City of North Miami Beach pursuant to Chapter 30111, Laws of Florida 1955.
The method of annexation and terms of the aforementioned agreement were approved by the Dade County Circuit Court in a judgment dated March 28,1957. Both the City and the property owner asked that the court declare the agreement to be constitutional, but several intervenors presented defenses, apparently arguing that it was not constitutional. The judgment held the agreement valid and enforceable.
On April 9, 1957, the appellant, by Ordinance No. 683, formally adopted and approved the agreement and the terms and conditions thereof.
The agreement was enforced by the circuit court in June of 1965 when a dispute arose concerning the application of the agreement to a portion of the property. The court held that the City was, at that time, in technical contempt of court for violation of the court’s judgment of March 28, 1957.
The remaining undeveloped portion of the land was placed on the tax rolls of the City of North Miami Beach by the Metropolitan Dade County Tax Assessor for the year 1973 and the ad valorem property Tax was made retroactive to the year 1970. Thereafter, the appellee, Eastern Shores Sales Company, intervened in the subject litigation with a Petition for Order Permitting Intervention, for Rule to Show Cause, and for Further Relief, the essence of which was a request that the City be prevented from violating the terms of the annexation agreement. At the request of Eastern Shores, the court entered an order on January 3, 1974, joining R. K. Overstreet, Dade County Tax Collector, as additional party plaintiff in the cause.
After a full trial, the judge made a determination contained in his “Final Order” of March 25, 1975, in which the City of North Miami Beach was held in technical contempt for violating the terms of the annexation agreement. The court found that no buildings or revenue-producing improvements within the meaning of the annexation agreement had been constructed upon the subject property. Furthermore, the court found that no annual application for exemption was necessary to obtain the benefits of the annexation agreement and that inasmuch as the judgment of March 28, 1957, held the terms of the annexation agreement to be valid and proper under the constitutions of the State of Florida and the United States of America, that the City was now estopped from asserting the unconstitutionality of said agreement which it had asked the court to uphold at the inception of this litigation.
We consider first appellant’s point which urges that the judgment appealed must be reversed because the appellee failed to include the tax assessor as a party to his petition for intervention, which, in effect, was a suit contesting the assessment *827 already made on his property. Section 194.-181(2), Florida Statutes (1971)[1] provides: “In any case contesting the assessment of any tax on property, the assessor of such tax shall be the party defendant.” The City responds that the petition for intervention had nothing to do with assessments but that the purpose and prayer of the action was to enforce a prior judgment of the Circuit Court in and for Dade County, Florida. We have examined the prayers contained in the pleading of the appellee, which is entitled “Petition for Order Permitting Intervention, for Rule to Show Cause, and for Further Relief” and find that the prayers contained therein relate exclusively to the enforcement by contempt or restraining order of the prior judgment of the circuit court. We conclude, therefore, that it was not necessary to join as a party the tax assessor, because the matter presented by the petition for intervention is not “contesting the assessment of any tax on property.”
We turn now to the question of whether the 1956 agreement not to tax the property now owned by appellee is an enforceable agreement. It has been held that the public policy against allowing cities to contract away their power to tax is of constitutional proportions and that such a limitation upon the taxing power of a city is so horrendous that an uncontested approval of it may not perpetually bind the city and the other taxpayers. See Watson v. City of Hallandale, 193 So.2d 195 (Fla.4th DCA 1966).
In the cited case, a property owner appealed an order dismissing his complaint, which sought to enforce an agreement that had been approved by a consent decree of the circuit court and which would bind the city to a promise made at the time of annexation of the property owner’s land not to increase the taxes on the land “ ‘until such time as the co-relators or their successors in title shall improve the property above described.’ ” The judgment appealed in that case dismissed the landowner’s petition to enforce a former agreement and consent decree. The District Court of Appeal, Fourth District, affirmed upon a holding that the trial court’s determination that the former decree was invalid and not enforceable was correct.
We think that this holding of the Florida courts is in accordance with the general holding of other states which have considered the problem. See 28 A.L.R.2d 1425 at 1428. We, therefore, hold that the trial court incorrectly determined that the prior judgment was valid.
Even though the prior judgment may be held to be invalid, the question remains whether the City may now seek the aid of a court in securing relief from its agreement and the prior judgment. Appel-lee urges that the City is now estopped, upon equitable grounds, to declare invalid its own agreement and an ordinance approving the agreement and the judgment it sought in the circuit court. It is urged that the City cannot sit idly by for 19 years accepting the benefits of its agreement and the holding of the circuit court, while 95% of the property in the division which was annexed was improved and developed and placed on he City tax rolls, and then unilaterally declare the agreement, its ordinance, and the judgment, invalid and then seek the aid of the circuit court in avoiding the effects of its agreement and its own pleadings in the circuit court. Appellee cites 6 Fla.Jur. “Constitutional Law” § 66 (Estop-pel), for the proposition that although it has been stated as a general rule that no estop-pel can arise under an unconstitutional act, it is a well recognized doctrine that parties may so conduct themselves with respect to the subject of unconstitutional legislation that they are estopped thereafter to deny its binding character. While this statement is not supported by a citation of a decided case, appellee cites McNulty v. Blackburn, 42 So.2d 445 (Fla.1949), where the court held that one who accepted reduced monthly payments under a revised pension law for more than six and a half years without complaint was held not to be entitled to challenge the constitutionality of the revised statute.
*828 On the other hand, appellant urges that the principle that a municipality has no authority to exempt an individual or concern from all taxes as an inducement to advantages to the city is so important to the inherent scheme of taxation that a city itself cannot be said to be estopped from asserting this principle. In this connection, we are referred to the holding of the Supreme Court of Florida in St. Lucie Estates, Inc. v. Ashley, 105 Fla. 534, 141 So. 738 (1932), where the court held:
“The power of taxation inheres in the state as an attribute of sovereignty. The power to tax, to exempt from taxation, to remit taxes wrongfully collected, or to compromise taxes, may be delegated to a municipality, but none of these powers are inherent in it. The power to tax does not include the power to exempt, remit, or compromise taxes, as it is competent to confer such powers only for designated purposes such as those enumerated in section 1, article 9 [now Article 7], of the Constitution.”
The court went on to state that under Article 9 (now Article 7):
. . [T]he Legislature may empower incorporated cities and towns to assess and collect taxes for municipal purposes under principles established for state taxation which means uniformity, equality, just valuation, and similarity of treatment of the subjects of taxation. Any general power to make exemptions would be invalid because in derogation of uniformity and equality.”
We think that under the pronouncement of the Supreme Court it is clear that a vital element in the imposition of taxes is based on the right of the citizens of the State to fair and equal taxation. See Dundee Corporation v. Lee, 156 Fla. 699, 24 So.2d 234 (1946). We therefore hold that the appellant City was not estopped to assert the invalidity of the 1956 judgment which would have, pursuant to the City’s agreement, barred the assessment of taxes on appellee’s property until such time as appel-lee saw fit to improve it. It is true that the City has received benefits under its agreement, but it is also true that the property owner has received 19 years of non-taxation on his unimproved property and this is a considerable benefit.
The property owner suggests that if the provision against further taxation of his property is eliminated from the agreement and the judgment, it would become incumbent upon the courts to remove his property from the City inasmuch as the annexation was contingent upon his receiving these benefits. It appears from the record that originally the property owner whose lands were annexed owned some 600 acres and that the remaining portion of the property involved is a 28 acre tract of undeveloped property. Because the annexation was for the entire tract and there is nothing in this record to show that the relationship of the undeveloped tract to the City limits is such that it could be properly excluded from the City limits, we hold that it would be improper to require the exclusion of this 28 acres at this time. This holding in no way bars the property owner from seeking relief by the exclusion of his land from the City limits under any usual method for obtaining such relief.
We have considered other points raised by the appellant and find that they do not present reversible error. Having found that the judgment entered is contrary to public policy, we reverse the judgment and remand this cause for further proceedings not inconsistent with the views herein expressed.
Reversed and remanded.

. Note that Section 194.181(2) was amended, effective May 28, 1973.