Mr. Neal D. Bowen City Attorney City of Sanibel
QUESTION:
Is the Sanibel City Council required to adopt its millage rate and levy taxes by ordinance or resolution?
SUMMARY:
Unless and until judicially determined otherwise, the Sanibel City Council is not required to levy ad valorem taxes and fix the ad valorem tax millage rates by ordinance. Such millage rates are to be fixed by resolution of the governing body of the city as provided for in s. 200.191, F.S. (1980 Supp.)
Section 1.01(e), Art. I, ch. 74-606, Laws of Florida, the City of Sanibel Charter, empowers the city to `raise funds by taxation and to make such levy upon the taxable property in the City of Sanibel . . . pursuant to the general laws of Florida.' (Emphasis supplied.) This provision clearly relates to a direct tax imposed directly upon property, generally known as a property tax or ad valorem tax. See 31 Fla. Jur. Taxation ss. 13, 15. Under the language of s. 1, Art. VII, State Const. ('. . . except in pursuance of law'), and s. 9(a), Art. VII ('. . . municipalities shall . . . be authorized by law to levy ad valorem taxes'), the state's ad valorem taxing power may be delegated to a municipality by the state Legislature by special law. The tax provided for in s. 1.01(e), Art. I, the City of Sanibel Charter, is to be levied pursuant to general law. Cf. ss. 166.201, 166.211, F.S. Section 3.10(d)(3) of the Sanibel Charter Act requires the Sanibel City Council to `[l]evy taxes authorized by general law' by ordinance. Since only indirect taxes or excise taxes or license taxes, such as those authorized by s. 166.231, F.S. (public service tax) and s. 205.042 (license tax) and those which s. 1.01(i), Art. I of the Sanibel Charter Act purports to empower the city to impose, are required by s. 9(a), Art. VII, State Const., to be authorized by the general law, I am unable to conclusively state that s. 3.10(d)(3), Art. III of the City Charter Act applies to or mandates the levy of ad valorem taxes by ordinance or that s. 3.10(d)(3) positively conflicts with s. 1.01(e), Art. I of the City Charter Act relating to the levy of ad valorem or property taxes which requires property tax levies to be made pursuant to the general laws or with the general laws or the methods and means by which ad valorem taxes may be imposed and millage rates established as prescribed by or pursuant to the general laws. Section 1.01(e), Art. I of the Charter Act does not purport to rpescribe the methods for establishing the city millage rates; it simply requires property tax levies to be made `pursuant to the general laws of Florida.' Likewise, s. 166.211(1), F.S., directs that ad valorem taxes be levied `in a manner not inconsistent with general law.'
Insofar as material to your inquiry, s. 27, ch. 80-274, Laws of Florida, added subsection (6) to s. 200.191, F.S., which reads:
 (2) Municipal millages shall be composed of three categories of municipalwide millage rates, as follows:
 (a) General municipal millage, which shall be that nonvoted millage rate set by the governing body of the municipality.
 (b) Municipal debt service millage, which shall be that millage rate necessary to raise taxes for debt service as authorized by a vote of the electors pursuant to s. 12, Art. VII of the State Constitution.
 (c) Municipal voted millage, which shall be that millage rate set by the governing body of the municipality as authorized by a vote of the electors pursuant to s. 9(b), Art. VII of the State Constitution.
 (6) Millages shall be fixed only by resolution of the governing body of the taxing authority in the manner specifically provided by general law or by special act.
I have the view that the quoted provisions of s. 200.191, F.S., for the purposes of this opinion, control your question and comprise the exclusive manner by which to fix the municipal millage rates. Cf. Board of County Commissioners of Dade County v. Wilson, 386 So.2d 556 (Fla. 1980). Of course, the city must otherwise comply with or meet all other applicable notice and procedural requirements of the general laws relating to the levying of ad valorem taxes and establishment of municipal millage rates as the same may have been amended or added to by ch. 80-274, Laws of Florida.
A municipality does not derive its taxing power from the provisions of s. 2(b), Art. VIII, State Const., relating to municipal home rule; rather the source and the limitations on the municipal taxing power are found in ss. 1(a), 9(a), Art. VII, State Const., as amended, and in general laws such as s. 166.211, F.S., or such other general or special law relating to ad valorem taxes, or general law relating to other taxes, as the Legislature may enact. Cf. City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1
(Fla. 1972); Belcher Oil Company v. Dade County, 271 So.2d 118
(Fla. 1972); Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976), footnote 7 at 319; AGO 080-87. The power of taxation inheres in the state as an attribute of sovereignty. It inheres in a municipality only to the extent conferred by the state. The exercise of the power is regulated by the Constitution and by valid statutes. The State Constitution does not provide a grant of authority to tax but rather provides a limitation upon the exercise of the inherent sovereign power of taxation. St. Lucie Estates v. Ashley,141 So. 738 (Fla. 1932); State ex rel. Hurner v. Culbreath, 192 So. 814
(Fla. 1939); Fleischer Studios, Inc. v. Paxson, 2 So.2d 293 (Fla. 1941); Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); Belcher Oil Company v. Dade County, supra. In the instant case, the Legislature has chosen to regulate and prescribe the methods or procedures for the fixing of municipal millage rates by general law, ch. 200, F.S., and s. 200.191, as amended by s. 27, ch. 80-274, supra, prescribes that such rates or millages `shall be fixed only by resolution . . . in the manner specifically provided by general law or by special act.' As noted above, the City Charter Act does not appear to provide for or regulate the manner or procedure for the fixing of the city ad valorem millage rates and no other special law so doing has been drawn to my attention.
Prepared by: William D. Hall, Jr., Assistant Attorney General